## *Ex parte* CICERO STEED.

No. A-1219.   Opinion Filed September 23, 1911.

(117 Pac. 887.)

1.   FINES—Imprisonment.   A judgment of conviction and sentence in a criminal case must conform to the punishment prescribed and be enforced in conformity with the statute; and where a court in the judgment rendered, fixed 30 days as the term of imprisonment, and assessed a fine of $50 and costs, and ordered therein that defendant be released at the expiration of the 30 days, and further ordered that the defendant be required to pay said fine and costs in 10 equal installments, payable monthly, held, that the trial court had no power or authority to prescribe such conditions, and that such judgment so imposing a fine was in effect nothing more than a judgment to be satisfied by execution thereon as on a money judgment rendered in a civil action; and, further, held, that, in default of such payments, the court had no power or jurisdiction to issue a commitment for failure to pay such fine and costs.

2.   COSTS—Imprisonment for Nonpayment.   There is no authority under our statute to imprison for failure to pay the costs.

(Syllabus by the Court.)

Application of Cicero Steed for a writ of *habeas corpus*. Writ granted.

*Henry Bulow* and *W. M. Gaudill,* for petitioner.

*Charles T. Randolph,* Asst. Co. Atty., for the State.

DOYLE, J.   The petition alleges that on May 30, 1910, an information was filed in the superior court of Custer county, charging the petitioner with the unlawful sale of one pint of whisky to one John Doe for the price of $1; that a warrant was thereupon issued to the sheriff, and said warrant was served by arresting petitioner, and bringing him before said court on the day it was issued.   March 23, 1911, nearly 10 months later, judgment was pronounced and entered on a plea of guilty, and petitioner was forthwith committed thereon.   The judgment entered recites:

"That the defendant, Cicero Steed, be confined in the county jail of Custer county, state of Oklahoma, for a period of 30 days, said sentence to commence at once; and it is further ordered that said defendant be assessed a fine of $50 and the costs of this prosecution.   And it is further ordered that the defendant herein be required, and is hereby required, to pay said fine and costs in 10 equal payments, payable monthly, beginning on the 15th day of April, 1911.   It is further ordered that the defendant be released from the county jail at the expiration of 30 days upon his own recognizance until said fine and costs are paid."

The petition and respondent's return disclose:   That said petitioner served the term of 30 days by being confined in the county jail, and was then released as directed in the judgment and sentence.   That on the 24th day of June, 1911, the court issued a second commitment in said cause as follows:

"The State of Oklahoma to the Sheriff of Said County— Greeting:   Whereas, Cicero Steed has been arrested on the charge of having committed the crime of selling intoxicating liquor; and whereas, the said Cicero Steed having been duly tried and convicted, and sentenced to 30 days' imprisonment in the county jail, and to pay a fine of $50.00 and costs, and in the event said fine is not paid to stand committed until it is paid, the 30-day sentence having been served out, only the fine and costs are due, which amount to $60.00.   It is therefore ordered and adjudged

by this court that said Cicero Steed be committed to the jail of Custer county, in said state, and that you, the said sheriff, are hereby commanded that you convey and imprison said Cicero Steed in the said jail, and there safely and securely keep until a fine of $50 and costs of suit are paid—$60.00 in all—or he be discharged by due process of law. In witness whereof, I have hereunto set my hand and the seal of said superior court at Clinton, this 24th day of June, 1911. J. W. Lawter, Judge Superior Court. Attest: Cliff Caldwell, Clerk. [Seal.]"

That said petitioner was immediately re-arrested and confined in the county jail, and is now so imprisoned on said second commitment. It is further alleged that his restraint and imprisonment is illegal for the reason that under the order of commitment issued upon the original judgment in said cause he has fully served the term of imprisonment therein adjudged against him; that for this reason said court was without jurisdiction to issue said second commitment.

The only question that is presented for our determination is: Has that part of the judgment and sentence imposing imprisonment been executed and satisfied? Our criminal procedure act provides as follows:

Section 6917, Snyder's Stat.:

"A judgment that the defendant pay a fine may also direct that he be imprisoned until the fine is satisfied, specifying the extent of the imprisonment, which cannot exceed one day for every two dollars of the fine."

Section 6918:

"A judgment that the defendant pay a fine constitutes a lien, also, in like manner as a judgment for money rendered in a civil action."

Section 6921:

"If the judgment is for a fine alone, execution may issue thereon as on a judgment in civil action."

Section 6922:

"If the judgment be imprisonment, or fine and imprisonment until such fine be paid, the defendant must forthwith be committed to the custody of the proper officer, and by him detained until the judgment be complied with."

The only judgment of imprisonment rendered by the court

in this case was that the defendant be confined for 30 days in the county jail, and it was therein ordered that he be then discharged. Sections 6917, 6918, *supra,* are cumulative. If the court adjudge imprisonment until the fine is satisfied, the judgment must specify the extent of the imprisonment, which cannot exceed one day for every $2 of the fine, and the defendant must forthwith be committed unless the judgment and sentence is stayed as provided by law.

Where a judgment of imprisonment is not stayed as provided by law, and the defendant has not served his sentence and is at liberty, he may be arrested as an escape and ordered into custody upon the unexpired judgment. *Ex parte Eldridge,* 3 Okla. Cr. 499, 106 Pac. 980, 27 L. R. A. (N. S.) 625; *Ex parte Alexander,* 5 Okla. Cr. 196, 113 Pac. 993. That is not this case. The court was without authority to adjudge that the fine imposed should be paid by installments, and was therefore without jurisdiction to issue said second commitment in default of such payments. *Ex parte Clendenning,* 1 Okla. Cr. 227, 97 Pac. 650, 19 L. R. A. (N. S.) 1041.

There is no authority under our statutes to imprison for failure to pay the costs. *In re Jake Harry, infra,* 117 Pac. 726. However, the petitioner could not be discharged if a proper judgment provided that he should be imprisoned until the fine was paid, specifying the extent of the imprisonment.

The judgment of conviction and sentence in a criminal case must conform to the punishment prescribed, and be enforced in conformity with the statute; and the court here had no power or authority to prescribe conditions outside the statute. The judgment of the lower court, imposing a fine as shown by the petition, and the return thereto, was in effect nothing more than a civil judgment, to be satisfied by execution as on a judgment in a civil action. *Ex parte Roller,* 3 Okla. Cr. 384, 106 Pac. 548. For this reason the court was without jurisdiction to issue said second commitment.

Statement of Facts.

Petitioner having served the term of imprisonment specified in the judgment, the writ is allowed, and petitioner discharged.

FURMAN, P. J., and ARMSTRONG, J., concur.