## SAM STEWART v. STATE.
### Ex parte SAM STEWART.

Nos. A-1824, A-2416.   Opinion Filed March 17, 1915.

(146 Pac. 921.)

1.   PARDON—Definition and Effect.   A ''pardon'' is an act of grace and mercy bestowed by the state through its chief executive upon offenders against its laws after conviction, and a full, unconditional pardon reaches both the punishment prescribed for the offense and the guilt of the offender; it obliterates, in legal contemplation, the offense itself, and hence its effect is to make the offender a new man.

2.   SAME—Time of Taking Effect—Delivery.   A pardon takes effect upon delivery either to the person who is the subject of the favor or to some one acting for him or in his behalf.

3.   HABEAS CORPUS—Validity of Pardon—Review by Court.   This court has no power to control or in any manner interfere with the functions of the executive department of the state government, but it has jurisdiction and power to inquire upon habeas corpus into the validity of a pardon under which the petitioner seeks to be discharged from the penitentiary, where after the delivery of the pardon he is detained in the custody of the warden upon an order of the Governor purporting to revoke the pardon.

4.   PARDON — Issuance by Acting Governor—Validity—Revocation.   The pardon in this case was granted by the Lieutenant Governor, acting as Governor in the absence of the Governor from the state.   Held, that under the Constitution, art. 6, sec. 16 (165, Williams'), in the absence of the Governor from the state for any purpose or for any period of time, the constitutional functions of his office devolve pro tempore upon the Lieutenant Governor, and a pardon granted and delivered by the Lieutenant Governor as acting Governor, in the absence of the Governor from the state, is a valid and effectual pardon.   A fortiori the warden has no authority to disregard it, and the Governor's order purporting to revoke such pardon was necessarily a nullity.

5.    APPEAL—Ground for Dismissal—Procurement of Pardon.  When
      an appeal from a judgment of conviction is pending in this court,
      and the plaintiff in error applies for a pardon, and the same is
      granted, and the fact that a pardon has been granted is brought
      to the attention of this court, the appeal will be dismissed as
      having been abandoned.

(Syllabus by the Court.)

*Appeal from District Court, Choctaw County;*
*Summers Hardy, Judge.*

Sam Stewart was convicted of murder, and pending appeal applies for a writ of *habeas corpus*. Appeal dismissed as having been abandoned, and petitioner discharged.

*Stewart & McDonald,* for plaintiff in error.

*Chas. West,* Atty. Gen., for the State.

DOYLE, P. J.  Plaintiff in error, Sam Stewart, and Mattie Jones were jointly indicted for the murder of Henry Jones. Upon their trial the jury returned a verdict finding Sam Stewart guilty of murder and assessing his punishment at imprisonment in the penitentiary for life, and disagreeing as to the guilt of Mattie Jones.  On April 6, 1912, judgment was rendered, and he was duly sentenced to life imprisonment, and was placed in the penitentiary to undergo said punishment.  To reverse the judgment an appeal was perfected.  Pending the determination of said appeal, on the 30th day of September, 1914, the Lieutenant Governor as acting Governor in the absence from the state of the Governor of the state, upon application made to him therefor, granted and issued a full, unconditional pardon for plaintiff in error.  This pardon was delivered by the acting Governor on the day of its issuance to W. P. Stewart, as attorney for plaintiff in error, and who had applied to the acting Governor for it.  Plaintiff in error has also filed in this court a duly verified petition for a writ of *habeas corpus,* representing that he is unlawfully restrained of his liberty and unlawfully imprisoned in the state penitentiary by R. W. Dick, warden. It is further averred in said petition:

"That this pardon was presented to R. W. Dick, warden of the state penitentiary of Oklahoma, who declined and refused to honor the same, and still declines and refuses to release your petitioner from custody. Your petitioner says that this pardon so granted as aforesaid is lawful and valid, and that he is entitled to his liberty; that a duplicate of said pardon is attached to this petition"
—and praying that a writ of *habeas corpus* issue, and that he be discharged from custody.

It is claimed by the Attorney General that the pardon was revoked by the Governor, and thereby rendered of no effect.

It is well settled that a full, unconditional pardon takes effect upon delivery either to the person who is the subject of the favor, or to some one acting for him or in his behalf. After delivery a pardon cannot be revoked. The authorities, without any conflict whatever, deny to the Governor any such power and hold the pardon, when delivered, to be irrevocable. *Ex parte Crump,* 10 Okla. Cr. 133, 135 Pac. 428, 47 L. R. A. (N. S.) 1036, and authorities collated.

The act creating a Board of Prison Control having been repealed by the act of the present Legislature, we deem it unnecessary to discuss the contention of the Attorney General that a pardon is invalid and void because it was not presented to, or passed upon by, the Board of Prison Control. Upon the authority of *Ex parte Ridley,* 3 Okla. Cr. 350, 106 Pac. 549, paragraph 5 of the syllabus, and for the reasons stated in the case of *Ex parte Crump,* 10 Okla. Cr. 133, 135 Pac. 428, 47 L. R. A. (N. S.) 1036, we are of opinion that the pardon granted and delivered by the Lieutenant Governor, as acting Governor, in the absence of the Governor from the state, is a valid and effectual pardon, and as the revocation of the pardon by the Governor was without authority and void, the warden of the penitentiary had no authority to disregard the pardon herein.

When an appeal from a judgment of conviction is pending in this court, and the plaintiff in error applies for a pardon, and the same is granted, and the fact that a pardon has

been granted is brought to the attention of this court, the appeal will be dismissed as having been abandoned.  The appeal herein is therefore dismissed.

For the reasons hereinbefore stated, we are of the opinion that plaintiff in error is entitled to his discharge from imprisonment under the judgment appealed from.  He is therefore by the judgment of this court discharged therefrom.

FURMAN, J., concurring.  ARMSTRONG, J., not participating.