## Ex parte ED EXELTON.

No. A-3544.   Opinion Filed May 20, 1919.

(180 Pac. 868.)

1.   **JUDGMENT AND SENTENCE—Rearrest—Service of Unexecuted Judgment.**  Where a convicted defendant is at liberty and has not served his sentence, and the same is not stayed as provided by law, he may be arrested as on escape, and ordered into custody on the unexecuted judgment.

2.   **SAME—Sentence—Expiration of Time.**  Expiration of time without imprisonment is in no sense an execution of the sentence.

Petition by Ed Exelton for writ of *habeas corpus.* Demurrer to petition sustained, and writ denied.

*Glasco & Glasco* and *C. G. Moore,* for plaintiff in error.

*W. C. Hall,* Asst. Atty. Gen., for the State.

DOYLE, P. J.   Petition filed on behalf of Ed Exelton alleges, in substance, that he is illegally restrained of his liberty and unlawfully imprisoned in the county jail of McClain county by Johnnie E. Ratliff, sheriff of said county, and sets forth that petitioner was tried and convicted in the county court of said county for a violation of the prohibitory liquor law, and was sentenced on the —— day of June, 1918, to be confined for 30 days in the county jail and to pay a fine of $100 and the costs; that petitioner was given 60 days to perfect an appeal from said judgment, and his supersedeas bond was approved; that said time elapsed without an appeal being perfected, and petitioner offered to surrender himself to the sheriff of McClain county for the purpose of then and there abiding the judgment of the court; that petitioner in no way was a fugitive from the judgment and conviction in said

cause; that on the 11th day of May, 1919, petitioner was taken in custody by said sheriff on an order of commitment for the purpose of enforcing the judgment and sentence of conviction herein referred to.

Counsel for the state filed a general demurrer on the ground that said petition does not state facts sufficient to entitle the petitioner to the relief prayed for.

In the case of *Ex parte Eldridge,* 3 Okla. Cr. 499, 106 Pac. 980, 27 L. R. A. (N. S.) 625, 139 Am. St. Rep. 967, it is held:

"Where a convicted defendant is at liberty and has not served his sentence, and the same is not stayed as provided by law, he may be arrested as on escape, and ordered into custody on the unexecuted judgment."

Expiration of time without imprisonment is in no sense an execution of the sentence. Upon the undisputed facts it appears that when the county court of McClain county issued the order of commitment, there was a valid subsisting unexecuted judgment against the defendant, and while the defendant was at all times within the jurisdiction of the court, upon his failure to perfect an appeal he did not demand that a commitment issue on said judgment and sentence, in order that the same might be carried into execution. The judgment being valid and the sentence unserved, the commitment of petitioner in execution of the judgment is a legal and valid imprisonment.

For the reasons stated, the demurrer is sustained, and the application for writ of *habeas corpus* denied.

ARMSTRONG and MATSON, JJ., concur.