### I. J. YOUSTLER v. STATE.

No. A-4520.   Opinion Filed May 10, 1924.
(225 Pac. 566.)

(Syllabus.)

1.   **Appeal and Error—Affirmance—Absence of Briefs and Argument.** In a criminal case, where the defendant appeals from a judgment of conviction, and no briefs are filed or argument presented, this court will make an examination of the case-made, and, if no error is apparent, will affirm the judgment.

2.   **Burglary—Evidence Sustaining Conviction.** In a prosecution for burglary, evidence held to sustain verdict and judgment of conviction.

Appeal from District Court, Ottawa County; S. C. Fullerton, Judge.

I. J. Youstler was convicted of burglary and he appeals. Affirmed.

F. W. Church, for plaintiff in error.

The Attorney Geenral, for the State.

DOYLE, J.  This appeal is from a conviction for burglary, the punishment having been assessed at 3 years in the penitentiary, alleged to have been ·committed on or about March 9, 1922, by entering into a brick building, the property of W. C. Hale, by breaking through the door of said building in the nighttime with intent to commit larceny.

The errors assigned are that the court erred in overruling the demurrer to the information, that the verdict is contrary to the law and the evidence, and that the punishment fixed by the verdict is excessive.

Appellant is not represented by counsel in this court, and no brief in support of the assignments of error has been filed.

The testimony on the part of the state tended to show that W. C. Hale was engaged in business in a brick building on the east side of Main street in the town of Picher, and therein had stored some merchandise, tools, and a Ford car, that Mr. Hale and another party were there during the day until they closed up in the evening, and that when they left the doors were securely fastened.

W. C. Hale testified:

"I live upstairs in the building.  About 9 o'clock at night I heard a noise in the storeroom and I went down into the room, turned on the lights, and saw appellant step under a bench.  He said, 'Don't shoot, I will give up.' He said he got in through the back door.  The lock had been broken off

this door. He said he did it with a piece of steel. I had a Ford roadster and about $800 worth of tools in the building. He said he got in there to get some of these tools.''

The testimony of appellant in his own behalf is as follows:

''I live at Baxter Springs, Kan., I have a Ford car and I was trying to trade with Mr. Barry in Picher that day. I was awful drunk. I went into that building some time in the evening. I did not intend to steal anything. Mr. Hale came in and turned on the lights. He had a gun, and I told him not to shoot me. I was standing on the floor and I threw up my hands. I was sent to the penitentiary for two years at Joplin for selling junk.''

The information is sufficient, and the demurrer thereto was properly overruled. The weight of the evidence was a question for the jury under the instructions of the court which gave appellant the benefit of all reasonable doubt, and we are not prepared to say that the verdict is not supported by the evidence or that the punishment imposed is excessive.

After a careful examination of the case-made, we conclude that there is no error which could have been prejudicial to appellant, and the judgment herein is accordingly affirmed.

MATSON, P. J., and BESSEY, J., concur.