## Ex parte ARTHUR HIGH.

No. A-3983.   Opinion Filed Feb. 17, 1925.
(233 Pac. 248.)

(Syllabus.)

1.   **Punishment—Convicted Defendant Properly Arrested and Ordered into Custody on Unexecuted Judgment.** Where a convicted defendant is at liberty and has not served his sentence, and the same is not stayed, as provided by law, he may be arrested as on escape, and ordered into custody on the unexecuted judgment.

2.   **Same—Expiration of Time Without Imprisonment not Execution of Sentence.** Expiration of time without imprisonment is in no sense an execution of the sentence.

Application of Arthur High for writ of habeas corpus. Writ denied.

R. C. Roland, for petitioner.

George F. Short, Atty. Gen., and N. W. Gore, Asst. Atty. Gen., for the State.

PER CURIAM.   This was a habeas corpus proceeding brought by Arthur High, alleging that he is unlawfully restrained of his liberty by the sheriff of Pontotoc county.

It appears that petitioner was convicted on a charge of vagrancy before a justice of the peace in Pontotoc county and was sentenced to pay a fine of $100 and be confined in the county jail for a period of 30 days, from which judgment and sentence an appeal was taken to the county court of Pontotoc county; that petitioner appeared before said county court and entered a plea of guilty and was by that court sentenced to pay a fine of $100 and the costs of the action, and upon his failure to pay such fine and costs that he serve one day in jail for each day of said fine and costs; that there was filed in the office of the court clerk of Pontotoc county a so-called stay bond, which bond was approved by the county court, conditions of said bond being that petitioner, Arthur High, would pay the state of Okla-

homa said fine and costs; that, upon the filing and approval of said bond, petitioner was discharged from custody and nothing further was done in the case until the 9th day of May, 1921, when the sheriff of Pontotoc county, under the authority of a commitment, arrested petitioner and placed him in jail.

It is urged on the part of petitioner that the stay bond executed by petitioner and approved by the court, and upon which he was at one time discharged, is a full and complete satisfaction of the judgment, and when petitioner after 30 days failed to pay the amount of the fine and costs, it was the duty of the state to proceed to collect it by taking judgment therefor on said stay bond.

It is the opinion of the court that this case is ruled by the case of Ex parte Eldridge, 3 Okla. Cr. 499, 106 P. 980, 27 L. R. A. (N. S.) 625, 139 Am. St. Rep. 967, and the cases of Ex parte Steed, 6 Okla. Cr. 183, 117 P. 887, Ex parte McClure, 6 Okla. Cr. 244, 118 P. 591, Ex parte Oliver, 11 Okla. Cr. 540, 149 P. 117, Ex parte Exelton, 16 Okla. Cr. 111, 180 P. 868, and Ex parte Riggert, 33 Okla. 304, 125 P. 485.

In the Eldridge Case it was held that:

"Where a convicted defendant is at liberty and has not served his sentence, and the same is not stayed as provided by law, he may be arrested as on escape and ordered into custody on the unexecuted judgment."

And, further, that:

"Expiration of time without imprisonment is in no sense an execution of the sentence."

The judgment being valid and the sentence unserved, the commitment of petitioner in the execution of the judgment was a legal and valid imprisonment.

For the reasons stated the writ was and is denied.