## Ex parte I. J. YOUSTLER.

No. A-6926. Opinion Filed June 16, 1928.
(268 Pac. 323.)

Geo. W. Fields, for petitioner.

Edwin Dabney, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

EDWARDS, J. This is an original action in habeas corpus by petitioner, I. J. Youstler. Upon such petition, a rule to show cause was issued, directed to the warden of the state penitentiary at McAlester, to which rule a return has been filed. From these pleadings and exhibits, the following state of facts appears: In May, 1922, petitioner, on a charge of burglary, was convicted in the district court of Ottawa county, and was sentenced to serve a term of three years in the state

penitentiary. From this judgment he duly appealed and gave a supersedeas bond, and while at liberty on such bond was apprehended by state officers upon request from the state of Missouri, for an offense against the laws of that state. A requisition from the Governor of Missouri was honored by the Governor of this state, and petitioner was transported to Missouri, there tried, convicted, and served a term of two years in the penitentiary. After serving his sentence there, he was arrested at Joplin, and upon requisition returned to this state and resentenced under the conviction in Ottawa county, which conviction in the meantime had been affirmed by this court. 27 Okla. Cr. 151, 225 P. 566. He is incarcerated in the state penitentiary at McAlester under a commitment issued by the district court of Ottawa county.

It is the theory of petitioner that the act of the Governor in honoring the requisition from the state of Missouri, pending the appeal of petitioner, is a waiver of the jurisdiction of this state at that time, and any future time over the person of petitioner for the purpose of carrying out the sentence imposed. That the act of the Governor in fact operated as a pardon, and the incarceration of petitioner is illegal, citing in support of his contention: People ex rel. Gallagher v. Hagan, 34 Misc. Rep. 85, 69 N. Y. S. 475; State v. Allen, 2 Humph. (Tenn.) 258; Eley v. State, 9 Okla. Cr. 76, 130 P. 821; Matter of Briscoe, 51 How. Prac. (N. Y.) 422; Kelly v. Mangum, 145 Ga. 57, 88 S. E. 556; Opinion of Justices, 201 Mass. 609, 89 N. E. 174, 24 L. R. A. (N. S.) 799; Ex parte Hobbs, 32 Tex. Cr. 312, 318, 22 S. W. 1035, 40 Am. St. Rep. 782; Taylor v. Taintor, 16 Wall. 366, 21 L. Ed. 287; In Re Charles Hess & Reuben Orr, 5 Kan. App. 763, 48 P. 596; Saunders v. State, 288 Mo. 640, 232 S. W. 973.

It may be conceded that, where a person is con-

victed in this state and pending his appeal, while at liberty on the supersedeas bond, is delivered by the Governor under requisition to a sister state, such delivery amounts to a waiver of the jurisdiction of this state over his person, and when, under such requisition, he is taken out of the state, he is not a fugitive, and this state would not have the right thereafter to extradite him from another state as a fugitive. State v. Allen, 2 Humph. (Tenn.) 258. If cannot be said, however, that this act of the Governor constitutes a pardon under the Constitution and laws of this state. A pardon is an act of grace, in effect a private deed of the executive, delivery of which is essential to its validity. It exempts the individual upon whom it is bestowed from punishment which the law imposes for the crime for which he is convicted, and the crime is forgiven and the punishment remitted. Ex parte Crump, 10 Okla. Cr. 133, 135 P. 428, 47 L. R. A. (N. S.) 1036; Stewart v. State, 11 Okla. Cr. 400, 146 P. 921; Ex parte Ray, 18 Okla. Cr. 167, 193 P. 635; Ex parte Jones, 25 Okla. Cr. 347, 220 P. 978, 34 A. L. R. 206; Ex parte Collins, 32 Okla. Cr. 6, 239 P. 693.

To be effective as a pardon, the instrument purporting to be such must be authenticated under the great seal of the state as the official act of the Governor. Ex parte Jones, supra.

The honoring of the requisition from the state of Missouri by the Governor of this state is not a pardon. As stated, it is a waiver of the jurisdiction of the state to demand his return to the state. It does not satisfy the judgment of conviction. This can be satisfied only by the serving of the sentence imposed or by its remission by pardon. The expiration of time without imprisonment is not an execution of the sentence. Ex parte Eldridge, 3 Okla. Cr. 499, 106 P. 980, 27 L. R. A. (N. S.)

625, 139 Am. St. Rep. 967; Bernstein v. U. S. (C. C. A.) 254 F. 967, 3 A. L. R. 1569, notes.

Since the rendering of petitioner to the authorities of the state of Missouri was a waiver of the right of this state to return the petitioner to this state after his release there, he could have successfully resisted any attempt by the authorities of this state to return him here. But, if he be brought into this state or return and be apprehended so that the jurisdiction of his person is again obtained, he may be required to satisfy the judgment of conviction against him. Where there is a valid conviction and the court has jurisdiction of the person, this court will not inquire by habeas corpus into the manner by which jurisdiction was obtained. Cook v. Hart, 146 U. S. 183, 13 S. Ct. 40, 36 L. Ed. 934; Roberts v. Reilly, 116 U. S. 80, 6 S. Ct. 291, 29 L. Ed. 544; In re Miles, 52 Vt. 609; Ex parte Brown (D. C.) 28 F. 653; In re Miller (C. C.) 23 F. 32; In re Newman (C. C.) 79 F. 622; In re Moyer, 35 Colo. 159, 85 P. 190, 12 L. R. A. (N. S.) 979, 117 Am. St. Rep. 189.

This court on the appeal of petitioner settled the question of the validity of the judgment under which he is incarcerated. In Ex parte Harry, 6 Okla. Cr. 168, 117 P. 726, and in Ex parte Ambler, 11 Okla. Cr. 449, 148 P. 1061, this court held that, under the statutes of this state providing that no court or judge shall inquire into the legality of any judgment or process whereby the party is in custody or discharge him when the term of commitment has not expired, where the process is issued on a final judgment, the court would only examine the record to determine whether the term of commitment had expired, and, if not, the writ will be denied. Section 432, C. O. S. 1921.

The inquiry here is: Has the term of imprison-

ment expired? This court has repeatedly held that the term begins from the date of the reception of the prisoner in the place of confinement, that the date named in the sentence is not a material part of the judgment. Ex parte Eldridge, 3 Okla. Cr. 499, 106 P. 980, 27 L. R. A. (N. S.) 625, 139 Am. St. Rep. 967; Ex parte McClure, 6 Okla. Cr. 241, 118 P. 591; Ex parte Oliver, 11 Okla. Cr. 536, 149 P. 117; Ex parte Exelton, 16 Okla. Cr. 111, 180 P. 868; Ex parte Smith, 17 Okla. Cr. 578, 190 P. 1092; Bernstein v. U. S. (C. C. A.) 254 F. 967, 3 A. L. R. 1569, and notes beginning on page 1572.

Under the admitted facts, we are of the opinion that petitioner is not entitled to his release.

The rule is discharged, and the writ denied.

DOYLE, P. J., and DAVENPORT, J., concur.