## Ex parte HART.

No. A-11648. May 14, 1952.

(244 P. 2d 859.)

270

Paul Jones Hart, pro se.

Mac Q. Williamson, Atty. Gen., and Lewis A. Wallace, Asst. Atty. Gen., for respondent.

POWELL, J. This is an original action in habeas corpus by petitioner Paul James Hart. Upon such petition a rule to show cause was issued, directed to the warden of the State Penitentiary, and a response and brief have been filed on behalf of the warden. From the pleadings and exhibits, the following facts appear:

On December 6, 1946, the petitioner was sentenced by the district court of Stephens county in case No. 2654, to serve a term of two years in the penitentiary upon a plea of guilty to the charge of wife desertion, and such sentence was suspended during the good behavior of this petitioner. On March 7, 1947, a preliminary complaint was filed in Stephens county, in case No. 2884, charging the petitioner herein with forgery in the second degree, and a warrant was issued for the arrest of the defendant on such charge. On April 5, 1947, the district court of said county entered an order revoking the suspension of the sentence in case No. 2654. In January, 1950, this petitioner was sentenced in Kingfisher county to serve ninety days in the county jail of that county, and on April 2, 1950, the petitioner was extradited to the state of Georgia, being at that time an escapee from the state penitentiary of that state. After the completion of the sentence in Georgia, the petitioner was returned to Stephens county, the warrant of arrest in case No. 2884 not being served until June 12, 1951. The defendant entered a plea of guilty to the charge of forgery in the second degree, and was on June 19, 1951, sentenced to serve two years in the penitentiary "from and after date of expiration of sentence in case No. 2654." He is now in the state penitentiary, under the two commitments issued by the district court of Stephens county.

It is the theory of petitioner that the act of the Governor in honoring the requisition from the state of Georgia was a waiver of the jurisdiction of this State at that time and any future time over the person of petitioner for the purpose of carrying out the sentence in the wife-desertion case, or further prosecution in the forgery case.

It is now the contention of the defendant that since the alleged check in case No. 2884 was given on March 2, 1947, and the information was not filed in the district court until June 19, 1951, that limitation had run against the prosecution, and the district court did not have jurisdiction to enter the judgment against him on his plea of guilty.

Petitioner overlooks the fact that the preliminary complaint was filed on March 7, 1947, and the warrant was issued for the arrest of defendant on the same date. This, under the holdings of this court, constituted the commencement of the prosecution against defendant, although the warrant of arrest was not served and returned until June 12, 1951. Jarrett v. State, 49 Okla. Cr. 162, 292 P. 888; Hicks v. State, 54 Okla. Cr. 431, 23 P. 2d 219; Ex parte Washington, 92 Okla. Cr. 337, 223 P. 2d 552.

See, also, the case of Ex parte Youstler, 40 Okla. Cr. 273, 268 P. 323, 324. In that case the petitioner had been convicted of burglary in Ottawa county, and sentenced to serve three years in the penitentiary. While he was free from confine-

ment on an appeal bond, the Governor of Oklahoma honored the requisition from the State of Missouri, petitioner was taken to that state, tried, convicted and sentenced to serve a term of two years in the penitentiary. After serving his sentence there, he was arrested at Joplin, Missouri, and upon requisition returned to this state, and incarcerated under commitment issued by the district court of Ottawa county. The court, in the body of the opinion, said:

"It may be conceded that, where a person is convicted in this state and pending his appeal, while at liberty on supersedeas [appeal] bond, is delivered by the Governor under requisition to a sister state, such delivery amounts to a waiver of the jurisdiction of this state over his person, and when, under such requisition, he is taken out of the state, he is not a fugitive, and this state would not have the right thereafter to extradite him from another state as a fugitive. * * * Since the rendering of petitioner to the authorities of the state of Missouri was a waiver of the right of this state to return the petitioner to this state after his release there, he could have successfully resisted any attempt by the authorities of this state to return him here. But, if he be brought into this state or return and be apprehended so that the jurisdiction of his person is again obtained, he may be required to satisfy the judgment of conviction against him."

See, also, Adams v. Waters, 94 Okla. Cr. 428, 237 P. 2d 914.

Under the facts, we are of the opinion that petitioner is not entitled to his release.

The petition is denied.

BRETT, P. J., and JONES, J., concur.