In re Habeas Corpus of William Peter
SAMET, Petitioner,

v.

H. C. McLEOD, Warden Oklahoma State
Penitentiary, McAlester, Oklahoma,
Respondent.

No. A–12241.

Criminal Court of Appeals of Oklahoma.

Dec. 21, 1955.

William Peter Samet, petitioner, pro se.

Mac Q. Williamson, Atty. Gen., Sam H. Lattimore, Asst. Atty. Gen., for respondent.

BRETT, Judge.

This is an original petition for habeas corpus, brought by William Peter Samet, seeking release by writ of habeas corpus from two certain judgments and sentences of ten years, and life imprisonment, in the Penitentiary, entered in the District Court of Oklahoma County, Oklahoma, upon conviction for two separate and distinct crimes, respectively, as follows: first, assault with intent to kill and, second, robbery with firearms. For the foregoing convictions, petitioner was committed to the Penitentiary thereunder on September 11, 1946.

Petitioner alleges that while thus committed, and serving said sentences in the Oklahoma State Penitentiary, at McAlester, Oklahoma, the Pardon and Parole Board of Oklahoma recommended to the Governor of Oklahoma, that the defendant be paroled to the State of New York, to return for completion of imprisonment on a prior conviction of robbery with firearms, in that State, as parole violator. Said recommendation was accepted by the then Governor of Oklahoma, the Honorable Roy J. Turner, and an Order of Parole was made and entered on March 10, 1950, paroling said William Peter Samet to the State of New York, for imprisonment in that State, said parole was applicable to both of. the Oklahoma judgments and sentences. The petitioner contends, however, that he was not released on a valid parole, but that the instrument was a pardon, and that the State of Oklahoma thus waived further jurisdiction over the subject. He further urges that the State of Oklahoma was without authority and jurisdiction on the 15th day of November, 1954, to issue the warrant of arrest of petitioner, for parole violation, and that said proceedings by which he was reimprisoned at McAlester, Oklahoma, were

wholly void, and hence his present detention is illegal.

To this petition, and the contentions set forth therein, the State has demurred, alleging in substance that the facts stated do not entitle the petitioner to his release.

It is well to note that the convictions, judgments, and sentences under which the petitioner is now in custody, are not in question. The jurisdiction of the defendant's person, the subject matter and the authority to impose the same are not at issue. It is not urged that said terms of imprisonment have been served.

The sole question herewith presented is, did the Governor of the State of Oklahoma, by paroling the petitioner to New York State, constitute a pardon as to the remainder of the Oklahoma sentences, so as to now require the release of the petitioner from his present detention in the Oklahoma State Penitentiary?

In seeking to obtain an affirmative answer to the foregoing question, the petitioner relies upon the case of Ex parte Guy, 41 Okl.Cr. 1, 269 P. 782, 783. A careful examination of the Guy case will disclose that it is clearly distinguishable. Therein, it was held that "The instrument signed by the Governor * * * is neither a reprieve, a commutation, nor parole. It purports to release petitioner from confinement in the penitentiary and to deliver him to another sovereignty absolute and final, except that, if prisoner shall be convicted in the federal court and shall serve his sentence, he shall then be returned to the state authorities." On no other condition was Guy to be returned to the State of Oklahoma. Hence, it clearly appears therein, that the effect of the release of Guy to the Federal authorities was a conditional pardon which this court held became absolute upon delivery of Guy to the Federal authorities. We have no such situation in the case at bar, for by no means can the instrument herein involved be regarded as a pardon, either conditional, or absolute.

In the case at bar, the instrument is in fact what it purports to be, a parole, for a definite purpose, "to the custody of the New York Parole Authorities for return to imprisonment in that State", with the distinct understanding, as set forth therein, that, "I am to remain on parole until such time as my parole is revoked, or I may be granted a pardon by the Governor of the State of Oklahoma." In addition thereto, it was provided, "I hereby waive all extradition rights and process and agree to return to Oklahoma at any time during my parole that I am directed to do so by the Pardon and Parole Officer. Furthermore, there was attached to the conditions, a special condition, as follows: "It is a special condition of the parole that the said William Peter Samet, No. 47295, shall be released under this parole only in the custody of the New York Police authorities for return to imprisonment in that State." Moreover, in the instructions contained in said parole, we observe, that it provided, "I am also fully aware that, under the law, the Governor, where recommended by the Pardon and Parole Officer, may remand or revoke my parole at any time, and for any reason by him deemed sufficient." It is thus apparent that the objects and purposes of the release of the petitioner by the State of New York are definite, certain, and unqualified and wholly without ambiguity. To all of the foregoing conditions, the petitioner agreed over his signature which, by him, became a contractual obligation with the State of Oklahoma. There can be no doubt under the foregoing conditions, that the Governor of the State of Oklahoma executed herein a parole only, and not a pardon, or a conditional pardon, such as the court was confronted with in the Guy case. In Ex parte Youstler, 40 Okl.Cr. 273, 268 P. 323, where a similar situation as the one herein involved was passed on, which this court quoted with approval in Adams v. Waters, 94 Okl.Cr. 428, 237 P.2d 914, 917:

" 'To be effective as a pardon, the instrument purporting to be such must be authenticated under the great seal of the state as the official act of the Governor. Ex parte Jones, supra [25 Okl.Cr. 347, 220 P. 978, 34 A.L.R. 206].

" 'The honoring of the requisition from the state of Missouri by the Governor of this state is not a pardon. As stated, it is a waiver of the jurisdiction

'of the state * * * to demand his return to the state. It does not satisfy the judgment of conviction; This can be satisfied only by the serving of the sentence imposed or by its remission by pardon. The expiration of time without imprisonment is not an execution of the sentence. Ex parte Eldridge, 3 Okl.Cr. 499, 106 P. 980, 27 L.R.A.,N.S., 625, 139 Am.St.Rep. 967; Bernstein v. U. S., 4 Cir., 254 F. 967, 3 A.L.R. 1569, notes.'"

Further, in Adams v. Waters, supra, it was said:

"The Governor of the state may by properly executed written instrument deliver a prisoner serving a sentence in the state penitentiary * * * to another state upon requisition of the Governor of such state, and such delivery amounts to a waiver of the jurisdiction of this state over his person, and when, under such delivery he is taken out of the state for trial *or to serve a sentence of imprisonment* the prisoner is not a fugitive from this state and the state would have no right thereafter to extradite him from such other state as a fugitive.

"The authorization by the Governor of the delivery of prisoner to another jurisdiction so that he may be tried or imprisoned in another state is a waiver of the jurisdiction of this state over the person of the prisoner but it does not amount to a pardon and does not satisfy the judgment of conviction, *and where the prisoner is thereafter found in this state he may be lawfully committed to the penitentiary to serve the unexpired sentence.*"

Moreover, in Ex parte Youstler, supra, it was said:

"* * * *In such case this court, by habeas corpus, will not inquire into the manner by which jurisdiction of his person is obtained.*"

Citing numerous authorities in support thereof, see also Adams v. Waters, supra. To the same effect is Traxler v. State, 96 Okl.Cr. 231, 251 P.2d 815.

We are of the opinion that the instrument by which the petitioner herein was released to the State of New York, on the requisition of the Governor of that State, was what it purports to be, a parole, and not a pardon, either absolute, or conditional, such as would entitle us to release petitioner herein on writ of habeas corpus.

The writ is accordingly denied.

JONES, P. J., and POWELL, J., concur.