STATE OF TENNESSEE ex rel. WALTER LEE WOODS

*v.*

LYNN BOMAR, Warden Tennessee State Penitentiary.

366 S.W.2d 750.

(*Nashville,* December Term, 1962.)

Opinion filed April 3, 1963.

ED R. DAVIES and THOMAS O. H. SMITH, JR., Nashville, for plaintiff in error.

GEORGE F. MCCANLESS, Attorney General, HENRY C. FOUTCH, Assistant Attorney General, Nashville, for the State.

Mr. Justice Dyer delivered the opinion of the Court.

Walter Lee Woods (hereinafter referred to as Petitioner) is now held in the State Penitentiary being required to complete a sentence of not less than ten or more than twenty years for a murder conviction in Knox County on September 15, 1946. Petitioner also has a sentence of one and one-half years for escape. Petitioner under these sentences was released on parole on October 5, 1953, and in November 1953 violated the terms of his parole by going to the State of Ohio. As a result the proper authorities in Tennessee issued a warrant against petitioner charging parole violation on December 14, 1953.

In March 1954 Petitioner was convicted for an offense committed in Ohio and sentenced there to a term of imprisonment. Petitioner escaped from the Ohio prison in September 1955 being apprehended on June 7, 1956 in Knox County, Tennessee, and Ohio made demand upon Tennessee for the return of Petitioner as a fugitive, which demand the Petitioner resisted by a habeas corpus proceeding alleging there was a warrant outstanding against him in Tennessee as a parole violator. This writ

of habeas corpus being denied the Governor of Tennessee granted the request of Ohio returning Petitioner to Ohio. In January 1961 Petitioner satisfactorily completed his term in Ohio and in the same month came into the custody of Tennessee authorities. On January 24, 1961 Petitioner was found guilty of parole violation in a hearing before the Tennessee Board of Pardons and Paroles being required to complete his original sentences for murder and escape.

On March 6, 1962 Petitioner filed his petition for a writ of habeas corpus under which petition he alleges this action of the Governor of Tennessee in honoring the extradition request from Ohio, when a warrant was outstanding in Tennessee against him charging parole violation was in fact a waiver forever by Tennessee to punish him as a parole violator. The appeal to this Court is from a holding by the Trial Judge adverse to Petitioner.

It should be noted here the right of the State of Tennessee to demand the return of Petitioner from Ohio after honoring Ohio's request to return Petitioner is not at issue in this case since Petitioner came into custody of Tennessee authorities after serving the Ohio sentence, other than by extradition.

When Petitioner was arrested in Knox County on June 7, 1956 the Governor of Tennessee could have refused the extradition request of Ohio on the ground petitioner was amenable to our criminal laws by virtue of the warrant against him charging parole violation; or, as he did the Governor could honor this extradition request from Ohio notwithstanding Petitioner was so amendable to our criminal laws, and this act by the Governor of

Tennessee under these circumstances would operate as a waiver of jurisdiction by Tennessee. Further in this matter Petitioner had no voice and would not be heard. *State ex rel, Brown v. Grosch,* 177 Tenn. 619, 152 S.W.2d 239.

█ Since the Governor of Tennessee did waive the jurisdiction of this state to proceed against Petitioner on the charge of parole violation, then the question here for decision is does this waiver operate to prohibit Tennessee from ever proceeding against Petitioner on this charge.

The position of Petitioner is that this waiver does so operate to prohibit Tennessee from ever proceeding against him on the parole violation. Their argument is that to hold otherwise could create a precedent which could make a harsh and inequitable rule, and in fact violate constitutional rights by denial of a speedy trial. In support of this position and argument they cite *People ex rel. Barrett v. Bartley,* 383 Ill. 437, 50 N.E.2d 517, 147 A.L.R. 935 in which the Court stated:

"Other cases adopting the principle of law that where a prisoner serving a sentence is extradited as a fugitive from justice and delivered to another State, jurisdiction over his person is forever waived by the asylum State are: * * * (citations). The legal effect and logic of these cases convince us that the waiver of jurisdiction of a State over a fugitive is a prerogative of the Governor, and that his extradition warrant takes priority over all State process by which the fugitive is held; that a prisoner cannot be handed from one jurisdiction to another for the purpose of trial, conviction and service of a new sentence, before being returned to the asylum

State for service of the unexpired sentence, without violating his constitutional rights." (*Barrett v. Bartley*)

We are impressed with the logic of this argument and admit as dictum in this opinion where the Governor honoring a requisition from a demanding state against one who at the time also has criminal charges pending against him in this state, such action could violate his constitutional rights; but this issue is not before this Court in the instant case since it is admitted and rightfully so, Petitioner was not so prejudiced.

The facts of the case at bar and in the Oklahoma case of *Ex Parte Youslter*, 40 Okl.Cr. 273, 268 P. 323 are somewhat similar. Youslter was convicted in Oklahoma for burglary and while at liberty on bond pending appeal Missouri made demand on Oklahoma for Youslter to be returned and required to answer a criminal charge in Missouri. The Governor of Oklahoma honored this extradition request returning Youslter who was convicted and served a sentence in Missouri. Upon the completion of the Missouri sentence Youslter was returned by extradition to Oklahoma and required to serve his sentence for burglary. Under these facts Youslter by proper proceedings challenged the right of Oklahoma to require him to serve the burglary sentence alleging in substance the act of the Governor of Oklahoma in honoring the requisition from Missouri, while the criminal charge was pending against him in Oklahoma was a waiver of the jurisdiction of Oklahoma at that time and any future time over his person for the purpose of carrying out the burglary sentence; and in fact this act amounted to a pardon. The Court in this case made the following statements:

"The honoring of the requisition from the state of Missouri by the Governor of this state (Okla) is not a pardon. As stated, it is a waiver of the jurisdiction of the state over the person of petitioner, and a waiver of the right of the state to demand his return to the state. It does not satisfy the judgment of conviction. This can be satisfied only by the serving of the sentence imposed or by its remission by pardon. The expiration of time without imprisonment is not an execution of the sentence. * * * But, if he be brought into this state or return and be apprehended so that the jurisdiction of his person is again obtained, he may be required to satisfy the judgment of conviction against him." (Ex parte Youslter)

We agree with the statements copied above in this opinion from the case of *Ex parte Youslter,* supra. By comity the states assist each other in the apprehension of criminals and prevention of crime, and in actions taken to accomplish these purposes the interest of the state is paramount the criminal having no voice, so long as there is no violation of constitutional rights. The action of the trial judge in dismissing this petition for habeas corpus is affirmed.

Petitioner filed his petition in the Second Circuit Court for Davidson County without benefit of counsel. Messrs. Ed R. Davies and Thomas O. H. Smith, Jr. of the Nashville Bar were appointed by the court to represent petitioner. These gentlemen by their diligent efforts in behalf of petitioner have reflected credit upon themselves and their profession. This Court would like to take this method to express our appreciation.