Billy G. DAVIS, Petitioner,

v.

Ray H. PAGE, Warden, Oklahoma State Penitentiary and the State of Oklahoma, Respondents.

No. A–13697.

Court of Criminal Appeals of Oklahoma.

Sept. 8, 1965.

Ollie W. Gresham, Tulsa, for petitioner.

Hugh H. Collum, Asst. Atty. Gen., for respondents.

BUSSEY, Presiding Judge:

This is an original proceeding in which Billy Gene Davis seeks his release from confinement in the State Penitentiary at Mc-Alester, Oklahoma where he is currently incarcerated by virtue of judgments and sentences rendered against him in the District Court of Tulsa County.

Petitioner alleges that he was charged in the Court of Common Pleas of Tulsa County, Case No. 126467 and Case No. 126468, and while awaiting trial thereon was indicted in the United States District Court. That he was transferred to the custody and jurisdiction of said Federal Court where he was · convicted and sentenced to five (5) years imprisonment in the Federal Penitentiary.

That while in the custody of the United States Attorney General and awaiting transfer to the Federal Penitentiary, he was taken before the District Court of Tulsa County where he was sentenced to four (4) years in the State Penitentiary, and that he was then transported to the Federal Penitentiary where he apparently satisfied said judgment and sentence and was returned to the State of Oklahoma for trial on a charge pending in Tulsa County, Oklahoma.

Upon his return to Oklahoma he was incarcerated in the State Penitentiary under the authority of the unsatisfied judgments rendered against him in the District Court of Tulsa County.

It is the position of the petitioner that when he was released by the Tulsa County authorities after judgments and sentences had been rendered against him prior to the satisfaction of the same to the Federal authorities, the State of Oklahoma waived any right thereafter to confine said petitioner under said judgments and sentences.

To this petition the State of Oklahoma has duly filed a response and a demurrer.

A similar question was presented to this Court in Ex parte Youstler, 40 Okl.Cr. 273, 268 P. 323, and this Court in denying relief to the petitioner stated the rule that if a convicted person is surrendered to another jurisdiction prior · to the satisfaction of judgment and sentence rendered · against him in this state, such surrender does not satisfy the judgment and sentence, and, if thereafter such convicted person be brought or be apprehended within this state and jurisdiction of his person is acquired, he may be required to satisfy the judgment of conviction in this state. In such case this court, by habeas corpus, will not inquire into the manner by which jurisdiction of his person is obtained.

Under the authority of Ex parte Youstler, supra, the writ prayed for is denied. Writ denied.

NIX and BRETT, JJ., concur.