**Delwin Earl PEOPLES, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. F–74–211.**

Court of Criminal Appeals of Oklahoma.

June 12, 1974.

Rehearing Denied June 27, 1974.

Forest N. Simon and O. B. Martin, Oklahoma City, for appellant.

Larry Derryberry, Atty. Gen., James L. Swartz, Asst. Atty. Gen., Charles P. Rainbolt, Legal Intern, for appellee.

## OPINION

BLISS, Presiding Judge:

The appellant, Delwin Earl Peoples, hereinafter referred to as defendant, was initially charged by information in the District Court of Atoka County, Oklahoma, for the crime of Concealing Stolen Property, said information being subsequently amended to charge Larceny of Domestic Animals. The defendant was tried before a jury which returned a verdict of guilty and the defendant was sentenced to serve a term of ten (10) years in the state penitentiary in accordance with said verdict. A timely appeal has been perfected to this Court.

For reasons which will become apparent, it is not necessary to recite all evidence presented at trial. Suffice it to say, the defendant is alleged to have stolen on the 27th day of January, 1972, 47 head of cattle from the Paris Livestock Commission Company, Paris, Texas. The stolen cattle were then brought across state lines to the defendant's residence in Atoka County where they were subsequently seized by the Atoka County Sheriff and investigators for the Texas and Southwestern Cattlemen's Association, after the defendant had voluntarily signed a waiver of search and had voluntarily accompanied the officers during their search. The defendant was initially charged conjointly with one John Dillard Moore who testified on behalf of the State during trial.

The defendant's first proposition in error urges that the State of Oklahoma lost or waived its jurisdiction to prosecute the defendant in the District Court of Atoka County, Oklahoma, for the reason that the State had voluntarily surrendered custody of the defendant to the federal government to answer charges filed against him in the Eastern District of Texas, said charges arising out of the theft of the same 47

head of cattle which had been stolen in Texas and transported across state lines to Atoka County.

In support of his proposition, the defendant cites numerous cases which hold that voluntary surrender by law enforcement officials of a suspect or prisoner to another jurisdiction so that he may be tried and imprisoned in another state is a waiver of the jurisdiction of the surrendering state. Said person is not a fugitive from the surrendering state, and it has no right thereafter to extradite him from such other state as a fugitive. See Adams v. Waters, 94 Okl.Cr. 428, 237 P.2d 914 and Ex parte Youstler, 40 Okl.Cr. 273, 268 P. 323.

■ A person in custody for an offense in one jurisdiction may be surrendered to another jurisdiction which requests extradition. Such surrender operates as a waiver of the right to thereafter demand his return as a fugitive from justice. However, the honoring of such extradition request does not constitute a waiver of the right of the surrendering state to try the accused is jurisdiction of his person is thereafter reacquired. See Ex parte Hart, 95 Okl.Cr. 269, 244 P.2d 859.

In the instant case, as recited in defendant's brief, the original information was filed in the Atoka County District Court on the 31st day of January, 1972. On February 8, 1972, the Sheriff of Atoka County voluntarily surrendered custody of the defendant to the United States Marshal for the Eastern District of Oklahoma, who took custody of the prisoner in behalf of the U. S. District Court for the Eastern District of Texas on a complaint filed in said court against the defendant charging theft and transportation of said 47 head of cattle. On February 9, 1972, the defendant posted bail in the amount of $7,500 with U. S. District Court Clerk for the Eastern District of Oklahoma in Muskogee, Oklahoma, for his appearance in the U. S. District Court for the Eastern District of Texas to answer any indictment that might be returned against him arising

out of said theft and the interstate transportation of said cattle. On February 10, 1972, the United States Marshal for the Eastern District of Oklahoma surrendered custody of the defendant back to the Sheriff of Atoka County to be retained by him for further prosecution by the State of Oklahoma in the instant case.

 It is the opinion of this Court that the State of Oklahoma reacquired jurisdiction of the person of the defendant on the 10th day of February, 1972. If the accused is brought personally before a court which has jurisdiction of the subject matter, he may be tried, convicted, sentenced and imprisoned. It is immaterial that he is on bond to appear for trial in another court. See Strand v. Schmittroth, 251 F.2d 590 (9th Cir. 1957). The defendant's first proposition in error is, therefore, without merit.

 The defendant next contends that the trial court erred in holding and ordering the defendant to stand trial on the second amended information filed against him in this cause and in overruling the defendant's motion to quash and set aside said second amended information. With this contention we agree. The record reflects that the original information filed on the 31st day of January, 1972, charged the defendant with the crime of concealing stolen property, the 47 head of cattle stolen from the Paris Livestock Commission Company in Paris, Texas. After the preliminary hearing, the magistrate bound the defendant over for trial on a charge of larceny of domestic animals pursuant to the provisions of 21 O.S. § 1715, which states as follows:

"Every person who steals the property of another in any other State or country, and brings the same into this State may be convicted and punished in the same manner as if such larceny had been committed in this State; and such larceny may be charged to have been committed in any town or city into or through which such stolen property has been brought."

On the 1st day of March, 1972, the District Attorney filed an amended information charging the defendant with the crime of bringing stolen property into the state. The defendant then filed a motion to quash said first amended information which was heard on the 10th day of May, 1972. Although said motion was overruled, the trial court at that time ordered the District Attorney to file a second amended information charging the defendant with the crime of larceny of domestic animals as provided in § 1715 and § 1716, the general larceny of domestic animals statute. On the 11th day of May, 1972, the District Attorney filed a second amended information which reads as follows:

"Comes now Jack E. McGahey the duly qualified District Attorney, in and for Atoka County, State of Oklahoma, and gives the District Court of Atoka County and State of Oklahoma, to know and be informed that the above named defendant Delwin Earl Peoples late of Atoka County, did in Atoka County, and in the State of Oklahoma, on or about the 27th day of January, in the year of our Lord, One Thousand Nine Hundred and Seventy-Two and anterior to the date of filing hereof, Commit the crime of Larceny of Domestic Animals in the manner and form as follows:

"That is to say, the defendant did in said County and State, at the date above named unlawfully, wrongfully, knowingly, wilfully, stealthily and feloniously take, steal and carry away on or about the 27th day of January, 1972, 47 head of live mixed breed cattle from the Paris Livestock Commission Company, Paris, Texas, 25 head of cattle being the personal property of the Paris Livestock Commission Company, 11 of said animals belonging to and owned by J. C. Crabb, 11 of said animals belonging to and owned by L. H. Parson, the latter two

groups having been bailed by the owners to the Paris Livestock Commission Company for purposes of sale, the same being carried away without the consent of the owners thereof, with the unlawful and felonious intent then and there on the part of said defendant to deprive said owners thereof permanently and to convert the same to his own use and benefit contrary to the form of the statutes in such cases made and provided and against the peace and dignity of the State of Oklahoma. (21-1716 Not less than 3 and not more than 10 years in pen.)"

The defendant then filed a request for leave to refile his motion to quash and set aside the amended information filed on the 12th day of May, 1972, and further filed a demurrer to said second amended information. The record then reflects that prior to the introduction of any evidence at trial the defendant again interposed an objection to the introduction of any evidence for the reason that the trial court had no jurisdiction to try the offense charged in the second amended information since said second information did not allege any act that had been committed within Atoka County, Oklahoma.

It is the opinion of this Court that the record as recited above reflects that the second amended information upon which the defendant was tried did not allege the commission of an unlawful act within the State of Oklahoma. The defendant's motion to quash, demurrer and objection to the introduction of any evidence were justified and well taken. The trial court erred in failing to sustain same.

This Court therefore has no alternative other than to, and does hereby, reverse and remand said cause back to the trial court with instructions to dismiss. If the prosecuting attorney determines that there is sufficient evidence to seek a conviction, then the charge may be refiled upon a properly drawn information provided the statute of limitations has not run out.

BRETT and BUSSEY, JJ., concur.