986 F.2d 1431
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Donald VAUGHAN, Petitioner-Appellant,
v.
Stephen KAISER; Attorney General, Respondents-Appellees.
 No. 92-6090.
 United States Court of Appeals, Tenth Circuit.
 Dec. 30, 1992.
 
 Before SEYMOUR, STEPHEN H. ANDERSON and BALDOCK, Circuit Judges.
 ORDER AND JUDGMENT*
 SEYMOUR, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Defendant-Petitioner Donald Vaughan appeals the order of the district court concluding that the State of Oklahoma had jurisdiction to revoke Mr. Vaughan's parole. We affirm.
 
 
 3
 While on parole from a murder conviction in Oklahoma, Mr. Vaughan committed a murder in Texas. He was arrested in Oklahoma for the murder. The Oklahoma authorities extradited him to Texas and also filed a parole violator warrant in Texas so that Oklahoma could exercise its rights over Mr. Vaughan at the conclusion of his incarceration in Texas.
 
 
 4
 When Mr. Vaughan was paroled on the Texas conviction in 1990, he was sent to Oklahoma where he underwent parole revocation proceedings. His parole was revoked in August 1990. Mr. Vaughan contends that Oklahoma had relinquished jurisdiction over him and thus had no power to revoke his parole. He argues that Oklahoma first relinquished jurisdiction by allowing him to move to Texas when he was paroled in 1974, and then by extraditing him to Texas in 1977. Mr. Vaughan's appeal chiefly complains that the district court did not specifically rule on his second contention.
 
 
 5
 Mr. Vaughan asserts that Saunders v. Michigan Dep't of Corrections, 406 F.Supp. 1364 (E.D.Mich.1976), supports his argument that Oklahoma's extradition of him to Texas resulted in a voluntary relinquishment of jurisdiction over him. The Saunders' court held that where a state has actual knowledge of a parolee's whereabouts, an inference of waiver by the state is permitted if such knowledge was not acted upon. Saunders involved a parolee who was actually a fugitive from his parole--the Michigan authorities had not located him. Mr. Vaughan was in fact in the custody of either the Oklahoma or the Texas authorities at all times after Oklahoma issued the parole violator warrant. His situation is simply not similar to the one in Saunders. While it is true that Oklahoma authorities had actual knowledge of Mr. Vaughan's location in Texas, they did act in regard to his whereabouts. Oklahoma's filing of the parole violator warrant is an action evidencing Oklahoma's interest in Mr. Vaughan's eventual return to Oklahoma. The parole violator warrant alerts the Texas authorities that Oklahoma retains an interest in Mr. Vaughan. In fact, Texas sent Mr. Vaughan to Oklahoma at the close of his sentence in Texas, which was the expected result from the filing of the warrant. The Oklahoma authorities thus did not relinquish jurisdiction over Mr. Vaughan by extraditing him to Texas.
 
 
 6
 Mr. Vaughan also argues that an Oklahoma case, Peoples v. State, 523 P.2d 1123 (Okl.Cr.App.1974), supports his appeal. The defendant in Peoples had stolen cattle in Texas and transported them across the state line into Oklahoma. He was originally arrested and charged with violating an Oklahoma criminal statute. However, Oklahoma voluntarily surrendered him to a federal marshal, who took custody on behalf of a Texas federal district court in which Peoples had been charged with a federal crime. The Oklahoma court held that when a state surrenders a person pursuant to an extradition request, the surrendering state effectively waives the right to demand the person's return as a fugitive from justice. However, Peoples also expressly held that the surrendering state nonetheless retains the right to try the person if the state thereafter reacquires jurisdiction. Id. at 1124. The Court of Appeals of Arizona, interpreting Peoples, held that even if a state has waived jurisdiction, it reacquires jurisdiction if the person returns. State v. Knapp, 123 Ariz. 402, 599 P.2d 855 (Ariz.App.1979). Oklahoma thus had jurisdiction over Mr. Vaughan, in any event, when he was returned to Oklahoma authorities.
 
 
 7
 For the reasons given in the magistrate's report, we conclude that Oklahoma did not relinquish jurisdiction over Mr. Vaughan by permitting him to reside in Texas. For the reasons given above, we also conclude that Oklahoma did not relinquish jurisdiction by extraditing Mr. Vaughan to Texas. We therefore AFFIRM the district court's order.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3