## Case No. 8,848.

### Ex parte McKEAN.

[3 Hughes. 23.] [1]

District Court. E. D. Virginia. April 19, 1878.

HABEAS CORPUS — FUGITIVE FROM JUSTICE—
MITTIMUS—WHAT NECESSARY THEREIN.

Where a citizen charged with an offence committed in another state has been committed for trial by the committing magistrate of a state, it is competent for a court of the United States on a writ of habeas corpus to inquire into the validity of the mittimus, and to discharge the prisoner unless, 1. There is a charge of crime against the prisoner in the state from which he is alleged to be fugitive; 2. There be a demand by the governor of that state for his arrest and detention; 3. There be an indictment found in the state from which the prisoner has fled, or an affidavit made and certified by the governor of that state; and 4. The prisoner should have been in the state where the crime was committed, and have fled from it.

[Cited in Ex parte Brown. 28 Fed. 654.]

The petition is in these words: "Your petitioner, A. W. McKean, would respectfully represent to the court that he is a resident of the state of New York; that he is a commercial traveller representing the house of

[1] [Reported by Hon. Robert W. Hughes. District Judge, and here reprinted by permission.]

Kelly & Co., in the town of Rochester; that a few days ago he came to the city of Richmond in the interests of his house; that on the 17th day of April, 1878, he was arrested by the police of the city upon suspicion of being a fugitive from justice in that he has been guilty of forgery in the state of Kansas; that this arrest was made upon the bare description of the forger in a detective newspaper; that on the 18th of the month he was carried before the Hon. J. J. White. police justice of said city, and was by him committed to jail to await the action of the hustings court. The petitioner would state that he is wholly innocent of any such crime, that he is illegally held in custody, without just or sufficient cause. In consideration whereof your petitioner prays that your honor will issue a writ of habeas corpus directed," etc. The writ was issued, and on the hearing the following was the decision of the court:

HUGHES, District Judge. The constitution of the United States, article 4, section 2, authorizes the executive of any state from which a person accused of crime has fled to demand of the executive of the state into which he has fled, that he be delivered up and removed to the state having jurisdiction of the crime; and congress has provided (section 5278, Rev. St.) that the arrest for that purpose be when there is produced a copy of an indictment found, or an affidavit made before a magistrate certified to be authentic by the executive of the state where the crime is charged to have been committed. The state of Virginia has adopted provisions similar to if not identical with those of the constitution and laws of the United States on this subject, and whether she had done so expressly or not, these latter provisions are a part of her law and are obligatory upon her officers and courts. It has been held that the power of congress to legislate on this subject of the delivery of fugitives from one state into another is exclusive, and that its law is the paramount law of the subject. Prigg v. Pennsylvania. 16 Pet. [41 U. S.] 539; Martin's Case [Case No. 9,154]; Jones v. Vanzandt [Id. 7,502]; Smith's Case [Id. 12,968] It was competent for this court to issue the writ in this case, because congress has given jurisdiction to the courts and judges of the United States to issue the writ of habeas corpus in cases of prisoners who are in jail, or in custody in violation of the constitution or any law of the United States. So that the only question before me is whether this prisoner is illegally confined, that is to say, whether he is confined upon a charge and upon proofs illegal or insufficient in contemplation of the law under which he has been apprehended and held.

It would seem plain from the language of the laws of congress and of Virginia that, in order to justify an arrest and detention in a case like the present one, there must

first be a charge of crime against the prisoner in the state where the crime is alleged to have been committed; that there must secondly be a demand by the governor of that state upon this for the arrest and detention; thirdly, that the evidence on which the arrest is based must be an indictment found in the state from which the prisoner has fled, or an affidavit made and certified by the governor of that state; and it would seem obvious, fourthly, that the prisoner should have been in the state where the crime was committed, and had fled from it. The law of Virginia does not strictly conform in language or substance to the law of congress describing the evidence on which the arrest and detention shall be made. The law of congress requires that they shall be made on production of the copy of an indictment found, or on production of an affidavit made before a competent magistrate, "certified as authentic by the executive of the state from whence the prisoner so charged has fled;" while the law of Virginia provides that the arrest may be made "upon complaint on oath or other satisfactory evidence that such person committed the offence." I think the intention of the legislature of Virginia was to make some such proof as that contemplated by the act of congress, requisite to the arrest of a person charged with crime in another state, but it does not in terms require that the affidavit or indictment should come certified by the executive of the state where the crime was committed. It seems to me that the law of the state ought to be construed in connection with the law of congress of which it is a part; and that on habeas corpus, it is competent for me to look into the proceedings which took place before the committing magistrate, for the purpose of determining whether the requirements of the law of congress in respect to the arrest and detention of fugitives from justice from other states have been observed. If the committing magistrate were merely holding this prisoner from day to day, awaiting such testimony as the law requires, I should remand the prisoner to him and await his final action; because it is customary as an act of comity between states that, in such cases, a reasonable time shall be allowed for sending on the requisite proofs of the crime and of the charges from the state where the crime was committed. But it seems that the magistrate has taken final action in the matter and exhausted the powers intrusted to him by the state law, so that the prisoner is before me on the validity of the mittimus, which is made part of the return of the jailer of Richmond to the writ of habeas corpus. The committing order of the magistrate does not set out in terms such facts as are required by law to give him authority to arrest and detain this prisoner. There is no demand from another state. There is no evidence that a crime has been committed. Nor is there evidence that this prisoner committed such a crime as the magistrate knew of only by hearsay. The prisoner must be discharged.