*In re* GEORGE E. MILES.*

### *Habeas Corpus.*

The perpetrator of a burglary in Washington County in this State was arrested in New York on an order issued by the governor of New York to the sheriff of the city and county of New York in answer to a requisition from the governor of this State. *Habeas corpus* was instituted before a judge of that city, but a discharge was refused. *Certiorari* was thereupon brought before another court for a revision of that decision, and an order of stay was made upon the sheriff. The order was discharged by still another judge while the *certiorari* was yet pending, and the criminal was delivered by the sheriff to the agent of this State, and by him brought into this State, where he was arrested by the sheriff of Washington County on a warrant issued on indictment for said burglary, and imprisoned to await trial on the indictment. *Habeas corpus* was then instituted on the ground that the discharge of the order of stay was procured by fraud, and a copy of the record of proceedings, showing a discharge of the order, was produced. *Held*, that the lawfulness of the arrest and detention in this State was unaffected by the character of the means employed to bring the relator within the reach of process in this State; that the record, showing a discharge of the order, could not be impeached in such proceeding by evidence *aliunde;* and that, as the requisition and the order for arrest and extradition in New York were pursuant to the Constitution of the United States and the laws of Congress, the proceedings for *habeas corpus* in, and under the laws of, New York could not affect the lawfulness of the arrest and detention in this State.

HABEAS CORPUS, *coram* BARRETT, J., and by him adjourned to this term.

The relator was indicted at the September Term, 1874, of Washington County Court for burglary committed upon the Barre Bank. A warrant was issued on the indictment for his arrest, and put into the hands of the sheriff of said county. The Governor of Vermont had made requisition upon the Governor of New York for Miles as a fugitive from justice, and an order had been issued by the Governor of New York to the sheriff of the City and County of New York for the arrest of Miles, and the delivery of him to the agent of Vermont. That sheriff made the arrest in pursuance of said order. A proceeding by *habeas corpus* was thereupon instituted by the relator before Judge Donohue in the City of New York, to get discharged from such arrest. Judge

---

* Heard at the February Term, 1875.

Donohue, on hearing, refused to grant such discharge. *Certiorari* was thereupon brought for a revision, by the Supreme Court of that District, of the action of Judge Donohue in denying such discharge on said *habeas corpus*, and an order of stay was made upon the sheriff pending said *certiorari*. The order of stay was discharged by Judge Lawrence while proceedings on said *certiorari* were still pending. Upon such discharge the relator was delivered by the sheriff of New York to the agent of Vermont, and was by such agent brought into this State, where he was arrested by the sheriff of Washington County upon the warrant held by him as aforesaid, and was imprisoned awaiting trial on said indictment at the then next March Term of Washington County Court.

The present *habeas corpus* is brought for a discharge from that imprisonment. The ground of the writ is, that Judge Lawrence was falsely and fraudulently deceived, by attorneys and others acting in behalf of the Governor of Vermont, into discharging the order of stay, as aforesaid, and that so, the delivering of Miles as aforesaid into the hands of the agent of Vermont was in violation of the laws of New York, under which said proceeding by *certiorari* was instituted, and was pending at the time of such delivery. A copy of the record of proceedings before Judge Lawrence, showing a discharge of the order, was produced, as stated in the opinion of the court.

*Somerville* of New York and *J. N. Edminster*, for the relator.

*W. P. Dillingham*, State's attorney, and *B. F. Fifield*, for the State.

The opinion of the court was delivered by

BARRETT, J.  The sheriff of Washington County was holding a warrant for the arrest of Miles upon the pending indictment against him. He found Miles within his precinct. He had official authority, and it was his official duty, to make the arrest commanded by said warrant, without regard to the means by which Miles had been brought within his reach and power. The law-

fulness of such arrest and ensuing detention was in no respect affected by the character of such means. If any parties, by the use of such means as were resorted to to get Miles within the reach of the sheriff armed with said warrant, had violated the laws of the State of New York criminally, or the personal rights of Miles, they would be answerable to those laws and to him by proper proceedings. The sheriff of Washington County was not one of such parties, if any such there were ; and even if he had been, it would, nevertheless, have been his duty to arrest upon the warrant in his hands, when he found Miles within the territorial scope of his official authority, by whatever means he had come to be there. His duty was fixed by his office and the warrant, and it was obligatory upon him, however others, or even himself, might have violated law and duty in other respects. It follows hence that if everything alleged and claimed as the ground for this writ were true, and could lawfully have effect as against the validity and operative force of the discharge by Judge LAW-RENCE of said order of stay, it could be of no avail as against the lawfulness of the arrest and detention of Miles upon said warrant held by said sheriff of Washington County. For sound principles and views bearing on the subject, see *State* v. *Brewster*, 7 Vt. 118.

Again : if it was the province of this court to give any heed in the present proceeding to the alleged proceedings in the courts of the city of New York, it is obvious to remark, that the duly authenticated record of said proceedings, which is produced by the relator, would preclude inquiry into any matters affecting the action of Judge LAWRENCE, as such action is shown by the record, whether such action was induced by the alleged fraud or otherwise. The validity of that record, and the effect of the adjudication shown by it, cannot be impeached or countervailed in this proceeding, by evidence *aliunde* the record. That record shows a discharge of said order of stay on the sheriff of New York. That discharge removed the only impediment in the way of said sheriff's obeying the mandate of the Governor of New York to deliver Miles to the agent of Vermont. Again : it is conceded that the requisition by the Governor of Vermont, and the order of arrest and extradition by the Governor of New York, under which

the sheriff of New York acted, were conformable to, and in pursuance of, the Constitution of the United States and the laws of Congress. Consequently, the proceeding by *habeas corpus* by Miles in the City of New York, under the statutes of the State of New York providing for cases arising under the laws of that State, could not affect the lawfulness of holding the relator upon the warrant issued upon the indictment against him for the alleged burglary.

On all and each of the grounds and views above presented, it is held that the relator is not unlawfully restrained of his liberty in the present instance. The petition for the writ is dismissed, and he is remanded to custody and prison.