### *Ex parte* BROWN.

(*District Court, N. D. New York.* October 1, 1886.)

1. EXTRADITION—HABEAS CORPUS—PRESUMPTION IN FAVOR OF ACT OF THE EXECUTIVE.

    Although the courts have power, on *habeas corpus*, to review the decisions of the executive authority in extradition proceedings, they will not overrule such decisions unless they are clearly satisfied that an error has been committed.

2. SAME—CONCURRENT JURISDICTION OF STATE AND FEDERAL COURTS.

    The federal and state courts have concurrent jurisdiction in extradition proceedings.

3. SAME—ARREST EFFECTED BY STRATAGEM.

    A fugitive from justice charged with crime will not be released, on *habeas corpus*, because he was induced by a stratagem to come within territory where he could be properly arrested, provided the stratagem used was not itself an infraction of law.

4. SAME—FUGITIVES FROM JUSTICE.

    A fugitive from justice is one who having, within a state, committed that which by its laws constitutes a crime, leaves its jurisdiction when it is sought to subject him to its criminal process to answer for his offense, and is found in the jurisdiction of another state. It is not necessary that he should have left after indictment found, or for the purpose of avoiding a prosecution anticipated or begun.

On *Habeas Corpus.*

*John E. Pound,* for petitioner.

*J. R. Thompson,* for the State of Pennsylvania.

COXE, J. The petitioner was, in February, 1886, indicted in Erie county, Pennsylvania, for perjury alleged to have been committed in that county in May, 1885. In August, 1885, he left his home in Pennsylvania, and went to Brantford, in the province of Ontario. On the twenty-fourth of July, 1886, he was induced by the false statements of parties employed by those interested in his conviction

to come into the state of New York. No force or violence was used, but he was informed and believed that Youngstown, New York, was in the dominion of ·Canada. On arriving at Youngstown he was immediately arrested. A requisition for his surrender was made by the governor of Pennsylvania upon the governor of this state, who issued a warrant for his delivery to the agent of the former state. The prisoner thereupon applied for a revocation of the warrant. A rehearing was granted, additional evidence was taken, and a full opportunity accorded counsel for the presentation of their views. After a careful consideration of all the issues involved the governor decided not to revoke the warrant previously issued. The petitioner now asks for a discharge, insisting that he is not a fugitive from justice, his presence here having been obtained by fraud. The sheriff makes return that he holds the petitioner by virtue of the warrant referred to. The case, as presented to the court, is in the same situation as when considered by the governor. No material fact has been added; no new proposition of law is advanced.

That the court has jurisdiction is beyond all doubt. *In re Doo Woon,* 18 Fed. Rep. 898; *Ex parte Morgan,* 20 Fed. Rep. 298; *Ex parte Smith,* 3 McLean, 121; *Ex parte McKean,* 3 Hughes, 23.

It was insisted in *Re Robb,* 19 Fed. Rep. 26, that the federal courts have exclusive jurisdiction in extradition proceedings; but this view was overruled by the supreme court in *Robb* v. *Connolly,* 111 U. S. 624, S. C. 4 Sup. Ct. Rep. 544, where it was decided that jurisdiction is concurrent with the courts of the states. The decisions are by no means unanimous as to the power of the court, in these cases, to review upon *habeas corpus,* and overrule the decisions of the executive authority; and the question has not, so far as I am able to ascertain, been decided by the supreme court.

In *Ex parte Reggel,* 114 U. S. 642, S. C. 5 Sup. Ct. Rep. 1148, the court held that the action of the governor, even though supported by slight evidence, was *prima facie* conclusive, and proof was required to overcome it. In *Roberts* v. *Reilly,* 116 U. S. 80, 95, S. C. 6 Sup. Ct. Rep. 291, it was held that the determination in the warrant that the party is a fugitive from justice must be regarded as sufficient until the presumption in its favor is overcome by contrary proof. In *Leary's Case,* 10 Ben. 197, the warrant of the executive was held conclusive in some particulars, and, after an elaborate examination of the authorities, it was strongly intimated that it would be so held for all purposes whenever a case should be presented rendering such a decision necessary. See, also, *Kentucky* v. *Dennison,* 24 How. 66; *State* v. *Buzine,* 4 Har. 572.

Assuming the power of the court to reverse the decision of the governor, there can be little doubt as to the impropriety of such a course; especially where it appears that he unquestionably had jurisdiction, and reached a conclusion only upon mature deliberation, and after a hearing had been accorded to all parties interested. The court should·

be clearly satisfied that an error has been committed before setting aside the solemn act of the high official upon whom the execution of these important duties is devolved by law. I have, however, as requested at the argument, examined the questions presented as fully as opportunity will permit, and see no reason to differ with the governor in the conclusions reached by him. It was clearly his duty to grant the extradition when it appeared that the petitioner was a fugitive from justice, and the demand by the executive authority of Pennsylvania was supported by an indictment, duly authenticated, charging the petitioner with having committed perjury in that state. *Ex parte Reggel, supra.*

No question is raised as to the sufficiency of the indictment, or of any of the papers upon which the governor acted. It is admitted that the petitioner was in the state of Pennsylvania at the time charged in the indictment; that he was a witness at the trial when the perjury is alleged to have been committed; and that thereafter he removed to Canada, where he remained until he was induced to come into this state.

In *Roberts* v. *Reilly, supra,* 97, the supreme court thus interprets the law:

"'To be a fugitive from justice, in the sense of the act of congress regulating the subject under consideration, it is not necessary that the party charged should have left the state in which the crime is alleged to have been committed, after an indictment found, or for the purpose of avoiding a prosecution anticipated or begun; but simply that having, within a state, committed that which by its laws constitutes a crime, when he is sought to be subjected to its criminal process to answer for his offense he has left its jurisdiction, and is found within the territory of another."

Thus defined, there can be no doubt that the petitioner was a fugitive from justice within the meaning of the law.

The question remains, was the duty of the executive to deliver up the petitioner at all affected by the fact that he was induced by the trickery and fraud of private parties to come within this jurisdiction? I am entirely clear that it was not. The contention that a party charged with crime is entitled to be released on *habeas corpus,* because, by a stratagem,—which, though morally reprehensible, is not criminal, in a legal sense,—he is induced to come within territory where he may be properly arrested, is not supported by a single authority.

The case of *Hadden* v. *People,* 25 N. Y. 373, falls far short of sustaining the proposition that the petitioner was brought here by the commission of a crime equivalent to kidnaping. In that case Wallace was overcome and stupefied by drink; his reason was dethroned; he was no longer a free agent. In this condition he was carried aboard a vessel about to depart for a foreign port. Here there was a false statement, but nothing more,—no physical restraint was used, no drugs were administered. The petitioner himself rowed the boat that conveyed him across the river.

The criminal law, administered, as it is, for the protection of the whole people, does not take cognizance of the means by which alleged offenders are apprehended, so long as no act is done which in itself is an infraction of the law. But the whole subject is so carefully considered and reviewed in the opinion filed by the governor, and the reasons for his action are so clearly stated, that further comment is unnecessary.

The writ should be dismissed, and the prisoner remanded.