## Ex parte PARROTT.

No. A-11893. April 15, 1953.

(256 P. 2d 462.)

Clem H. Stephenson, Wewoka, for petitioner.

Mac Q. Williamson, Atty. Gen., Sam H. Lattimore, Asst. Atty. Gen., for respondent.

BRETT, J. There was filed a verified petition in habeas corpus by Mrs. Eva Parrott, mother of Joe Harold Parrott, for and on behalf of him as petitioner. In said petition he alleges that he is being unlawfully restrained of his liberty by the warden of the Oklahoma State Reformatory at Granite, Oklahoma. He urges the cause of said restraint is a certain judgment and sentence entered against him in the district court of Love county, Oklahoma, on December 16, 1952, for the crime of second degree burglary of a mercantile establishment allegedly committed on the night of December 13, 1952 in Marietta, Oklahoma.

In said petition it was alleged in substance that the petitioner was a youth of the age of 20 years inexperienced in court proceedings, and ignorant of his rights to consult with his mother or have the aid of counsel, all of which he says was denied him by the sheriff, county attorney, and the judge who accepted his plea of guilty and sentenced him. He further alleges that he was threatened

with being chained to the bars of his cell and with being detained in the county jail without food as a means of extracting a confession and a plea of guilty, which he entered to said charge on the representation that if he plead guilty, he would be given a suspended sentence.

To this petition the state responded expressly denying all of the said facts and in addition thereto specifically alleged that the petitioner was not inexperienced and was not mistreated, threatened or misled or intimidated as in the petition alleged.

The response further alleges that the petitioner was ineligible for a suspended sentence by reason of his past criminal record and hence was not ignorant or inexperienced in court proceedings relative to his rights.

This matter was set for hearing on February 21, 1953, and on said date came on for hearing. Witnesses were sworn and heard, and affidavits of the District Judge, W. J. Monroe, County Attorney Floyd Miller and Sheriff Horton Bone were offered in evidence, affirmatively showing the petitioner was not threatened or intimidated or denied food in order to obtain his confession, but that his confession was voluntarily made within three hours after he was brought to Love county. The evidence offered by the state further shows that the petitioner, as revealed by the court minutes, was advised of his rights to 24 hours in which to plead, of his right to aid of counsel, and the record shows that though the petitioner said he understood his right to a lawyer, he affirmatively stated a lawyer could do him no good.

The record further shows that the petitioner's mother was notified, and permitted conferences with her son before sentence and afterwards, and she was advised her son needed a lawyer, but that she said she would not hire one, because she had done all she could for her son. Moreover, the state's evidence affirmatively controverts the threats and the denial of food to the petitioner. It affirmatively shows that he was fed three full meals a day, the same food the sheriff's family ate, which the sheriff's wife had cooked all at the same time for her family and the prisoners. Furthermore, the state's evidence, established by the court minutes of the district court of Murray county, Oklahoma, shows that the petitioner was charged and plead guilty to grand larceny in which sentence was deferred. This was done with the aid of counsel on January 26, 1949, in case No. 1610 there pending in said county. The evidence further established that the petitioner had been involved with the law numerous times since his violation hereinbefore mentioned in Murray county.

The petitioner relies on the case of Ex parte Cornell, 87 Okla. Cr. 2, 193 P. 2d 904, and Ex parte Cook, 84 Okla. Cr. 404, 183 P. 2d 595, holding, in substance, that each such case must depend upon its own facts, and that habeas corpus is available to a youth who plead guilty and was found guilty and was sentenced to the penitentiary in denial of his constitutional right to the aid of counsel, where said youth is uneducated, illiterate and inexperienced and his parents were not notified in time to counsel and advise with accused, and procure legal counsel for him, etc. These cases are not in point here for this petitioner was experienced and had the counsel of his mother and was tendered aid of counsel and was otherwise advised of his rights and waived them as it was held in the cases supra he might do under such conditions.

The burden is on the petitioner to establish by clear and convincing proof the denial of constitutional rights before he may be sustained in a habeas corpus proceeding. Nelson v. Burford, 92 Okla. Cr. 224, 222 P. 2d 382, setting forth the rules to be met under petitions for habeas corpus, where the charge is a denial of constitutional rights. The petitioner herein failed to sustain the burden required of him.

It thus appears that the trial court had jurisdiction of the petitioner's person, of the subject matter, and authority under the law to sentence the petitioner, and committed no act causing the loss of jurisdiction. Only on grounds of lack of jurisdiction or loss thereof can habeas corpus be granted. Ex parte Pruitt, 95 Okla. Cr. 248, 244 P. 2d 594; and where there are essentials of jurisdiction habeas corpus will be denied. Ex parte Critser, 87 Okla. Cr. 380, 198 P. 2d 228; Ex parte Hackett, 93 Okla. Cr. 82, 225 P. 2d 184; Ex parte Pruitt, supra. This is an attempt to reach by habeas corpus matters that should have been raised on appeal. It has been repeatedly held that habeas corpus is not a substitute for an appeal. Ex parte Walters, 92 Okla. Cr. 1, 221 P. 2d 659; Ex parte Jones, 92 Okla. Cr. 443, 224 P. 2d 280; Ex parte Gower, 92 Okla. Cr. 315, 223 P. 2d 154; Ex parte Motley, 86 Okla. Cr. 401, 193 P. 2d 613. The writ of habeas corpus is accordingly denied.

JONES, J., concurs. POWELL, P. J., not participating.