# Ex parte BEARD.

No. A-11874. Dec. 9, 1953.

(264 P. 2d 368.)

Emmett Beard, pro se.

Mac Q. Williamson, Atty. Gen., and Sam H. Lattimore, Asst. Atty. Gen., for respondent.

POWELL, P. J. Emmett Beard, an inmate of the State Penitentiary at McAlester, has filed a petition, pro se, seeking a writ of habeas corpus from this court directing his release from such imprisonment.

Petitioner alleges that his constitutional rights have been violated. It is stated that on the 13th day of November, 1951, he entered a plea of guilty to robbery with firearms in case No. 20616 in the district court of Oklahoma county, where he was charged conjointly with two other persons. It is claimed that the officers forced him to confess to three crimes in which he did not in fact participate. It is stated in the petition:

"That is to say that your petitioner was arrested at his home in connection with two other prisoners, identified in the Oklahoma State Penitentiary as No. 52901 and No. 52931, for the crime of robbery with firearms, the aforecited and described charges, that your petitioner did not take any active part in the commission of said crimes, at the time of the commission of same evidence showed that your petitioner had been given some drug by the above referred persons, who, while your petitioner was in such a condition as to not be aware of same, used your petitioner's automobile in the commission of said crimes, that your petitioner did not know that any crime had been committed until at such a time as he was returned to his home and later regained his mental being, and was told by the above referred subjects what had taken place, that your petitioner was offered a part of the money taken in said robbery, but refused same, that thereafter the above described person did not take your petitioner's automobile without his knowledge and were apprehended by the police of Oklahoma City after said persons had wrecked your petitioner's automobile during the commission of another crime in which your petitioner was not even present. That your petitioner was arrested the same night of said crimes or early the next day and did not have an opportunity to fully regain his senses and could not have informed the police, had he wanted to so do, until he was placed in jail and charged with the actual commission of said crimes, that your petitioner was thereafter forced to enter a plea of guilty to said crimes under threats of beatings, mental duress and coercion, and through ignorance of the law, that he could be convicted and given long prison sentences in each of the cases, where the evidence showed that your petitioner had been unaware that a crime had even been committed."

Attached to the petition are two unverified statements purportedly executed one by Fred Etheridge and one by Fred Jordon, the two other persons charged conjointly with petitioner. Neither the petition nor the attached statements are sworn to before a notary public and for such reason do not entitle the petition to consideration. Tit. 12 O.S. 1951, § 1332; Ex parte Conway, 98 Okla. Cr. —, 256 P. 2d 189, certiorari denied Conway v. Waters, 345 U.S. 967, 73 S. Ct. 955, 97 L. Ed. 1385; Ex parte Peck, 96 Okla. Cr. 71, 248 P. 2d 655; Arles v. Burford, 95 Okla. Cr. 51, 239 P. 2d 526.

Nevertheless, we did, by reason of the positive statements in the petition and anxious to be sure that petitioner's constitutional rights had not been violated, issue rule to show cause. After some delay on the part of the county

authorities in furnishing photostatic copies of the records and affidavits counter to the unverified statements referred to, the Attorney General has been able to respond on behalf of the warden of the State Penitentiary. It is stated that defendant is held pursuant to four judgments and sentences by the district court of Oklahoma county on November 13, 1951, sentencing the defendant to 15 years in the State Penitentiary, said sentences to run concurrently. It is alleged that the defendant's allegations concerning the facts of the conviction are false.

Attached to the response is an affidavit from Granville Scanland, Esq., county attorney of Oklahoma county, in which he states that the petitioner was charged in four separate cases in his county with armed robbery, and that he prepared the cases and was ready to try them, but that Woodrow W. Butler, counsel for defendant, prior to trial, proposed that his client would plead guilty in all four cases if the sentences would run concurrently, and if the county attorney would recommend a term of fifteen years in each case, and this was agreed upon and the court so sentenced the within petitioner. The county attorney denies that any promises were made said petitioner to induce him to plead guilty other than to make the recommendations stated.

It is averred that on November 21, 1951, an application was filed by petitioner to set aside the convictions in the four cases and permit the said Beard to withdraw his pleas of guilty, but that Judge Clarence Mills denied the motions.

An affidavit was attached, executed by Woodrow W. Butler, petitioner's attorney in the district court, in which he states that he negotiated with the county attorney for the recommendation finally made at the instance and request and approval of his client, who at all times had full knowledge of what was going on.

Russell Farmer, attorney, states that he was originally employed by Beard, but that at a day he was out of the city his client engaged additional counsel in the person of Woodrow W. Butler. He sets out that he had filed a petition for writ of habeas corpus for Beard some time prior to trial, and that bond had been set at $15,000, and that Beard was unable to obtain bondsmen; that Mr. Butler handled the case thereafter. Attached are copies of the minutes of the court in the four cases in question and the procedure is shown to be regular and in accordance with the applicable statutes.

Also attached to the response are photostatic copies of written confessions to the robberies executed by Emmett Beard and by Nell M. Beard, Fred Loyd Jordon and Zenia Mae Jordon, detailing purported facts of the armed robberies with which charged. The defendant's car was used and although the codefendant Etheridge was the "trigger man" all the parties were recipients of their share of money taken at gun point from certain service stations. These confessions contradict the statements now attached to petitioner's application for writ of habeas corpus, and petitioner has failed to meet the burden placed on him of showing that his constitutional rights were violated, and consequently the judgments complained of must stand. Ex parte Murray, 97 Okla. Cr. 14, 257 P. 2d 327; Ex parte Parrott, 97 Okla. Cr. 8, 256 P. 2d 462; Ex parte Burton, 96 Okla. Cr. 143, 250 P. 2d 227, certiorari denied Burton v. Waters, 345 U.S. 929, 73 S. Ct. 789, 97 L. Ed. 1359.

The writ is denied.

JONES and BRETT, JJ., concur.