**In the Matter of the Application of Bill OWENS for Writ of Habeas Corpus.**

**No. A–12295.**

Criminal Court of Appeals of Oklahoma.

March 21, 1956.

Bill Owens, petitioner, pro se.

Mac Q. Williamson, Atty. Gen., for respondent.

JONES, Presiding Judge.

This is an original action in habeas corpus instituted by the petitioner, Bill Owens, to secure his release from confinement in the penitentiary.

The petition is one of several of similar wording which have been filed in this court in the past few years. It is on a stereotyped form containing the general allegations that the conviction was a denial of due process of law and contrary to his constitutional rights, etc. In addition, the further allegation is made that the conviction was obtained by reason of the use of evidence secured under the authority of a void search warrant.

At the hearing before this court no evidence was introduced at all to sustain the allegations of the petition with reference to the alleged violation of his constitutional rights. Those allegations were evidently inserted in the petition by some inmate of the penitentiary who was familiar with the decisions of this court in order to gain the petitioner a hearing. This court has been liberal in setting such petitions for hearing as we are determined to see that no one is deprived of his liberty without due process of law.

The petitioner introduced in support of his petition a copy of a motion to suppress evidence filed in the District Court of Tulsa County. We do not have the record of the trial before us but the question of validity of the search was a matter to be properly presented to the trial court and in case of an adverse judgment, an appeal should have been taken to this court from the conviction so that we could review the record and determine the merits of the contention of the accused. Such a question cannot properly be presented by habeas corpus as habeas corpus cannot be used to perform the office of a writ of error on appeal, but is strictly limited to cases in which the judgment and sentence of the court attacked is clearly void. Ex parte Shaffer, 93 Okl.Cr. 278, 227 P.2d 418.

The writ of habeas corpus is denied.

BRETT and POWELL, JJ., concur.