**In the Matter of the Habeas Corpus of Herman WILSON, Petitioner.**

**H. C. McLeod, Warden, Oklahoma State Penitentiary, Respondent.**

**No. A–12297.**

Criminal Court of Appeals of Oklahoma.
June 13, 1956.

Herman Wilson, McAlester, pro se.

Mac Q. Williamson, Atty. Gen., Sam H. Lattimore, Asst. Atty. Gen., for respondent.

POWELL, Judge.

Herman Wilson, an inmate of the State Penitentiary at McAlester, has filed a petition, pro se, seeking a writ of habeas corpus from this court directing his release from such imprisonment.

Petitioner claims that his constitutional rights have been violated. It is alleged that the restraint is by reason of judgment and sentence entered in the district court of Kiowa County in case No. 2208–C, and also in case No. 2210–C, for the crime of escape and the crime of larceny of an automobile, respectively, and entered on August 15, 1955, wherein petitioner was sentenced in each case to three years in the State Penitentiary, the sentences to run concurrently.

Petitioner claims that his constitutional rights were violated, and in his words: "That is to say that your petitioner while serving another sentence at the Oklahoma State Reformatory at Granite, Oklahoma, was taken off from the State property and put to work on private property to work by the officials of said Institution, and where your petitioner was allowed to walk away from said place of work without guard, that thereafter your petitioner got into a car that other parties had offered him a 'lift' and which unknown to your petitioner was alleged to be a stolen automobile. That your petitioner was returned to the Granite Reformatory where he was placed in confinement and under duress and threats was coerced into entering a plea of guilty without the benefit of effective counsel, said petitioner being a young and ignorant negro boy without education." Cited are the familiar "Scottsboro" and other like Federal cases.

We have held in Ex parte Beard, 97 Okl.Cr. 391, 264 P.2d 368, 369, and many other cases:

"The unverified petition for habeas corpus with no certified copy of information or judgment and sentence of lower court attached to petition was insufficient to question validity of commitment by which petitioner was incarcerated in penitentiary."

Nevertheless, we required the Warden to respond, and have before us the response, to which is attached a verified copy of the minutes of the court in case No. 2210–C from the district court of Kiowa County, made in open court on August 3, 1955. The record shows that the court appointed John Montgomery, Esq., a member of the Bar of Oklahoma, to represent the petitioner; that defendant was advised of his constitu-

tional rights but entered a plea of guilty and was sentenced to three years to run concurrently with the judgment and sentence in case No. 2208-C.

The record from the Oklahoma State Reformatory shows that the petitioner while in that institution was a chronic trouble maker and a disciplinary problem. There are affidavits attached to the response from four inmates who were with petitioner at the time of his escape from the Reformatory and when he stole the car that he pleaded guilty to stealing. It appears that Wilson and fellow prisoners were hauling hay and Wilson noticed keys in a car and suggested that they steal it and escape, and this was done, but the prisoners were recaptured. However, these factual matters are immaterial. The point is that defendant was represented by counsel, his constitutional rights were explained to him, and he was found guilty and duly sentenced.

The petition is without merit, and the writ is, accordingly, denied.

JONES, P. J., and BRETT, J., concur.