In the Matter of the Habeas Corpus of Billy SEAMAN, Petitioner,

H. C. McLeod, Warden, Oklahoma State Penitentiary, Respondent.
No. A–12302.

Criminal Court of Appeals of Oklahoma.
June 20, 1956.

Billy Seaman, pro se.

Mac Q. Williamson, Atty. Gen., Sam H. Lattimore, Asst. Atty. Gen., for respondent.

POWELL, Judge.

Billy Seaman seeks a writ of habeas corpus for his release from the State Penitentiary, where he is serving a term of five years for forgery, under 21 O.S.1951 § 1577.

▮ His petition is not verified and he has not attached a certified copy of the judgment and sentence complained of, and for such reason his petition is not entitled to consideration.

▮ Petitioner claims that he was not represented by counsel at his trial. A certified copy of the minutes of the clerk of the district court of Okmulgee County reflects that on February 21, 1955 Billy Seaman was arraigned on a charge of selling a forged check; that defendant appeared without counsel, the State being represented by D. E. Richeson, assistant county attorney; that the information was read to defendant and he was furnished a copy; that he was then advised of his constitutional rights to be represented by counsel but that he desired to and did enter a plea of guilty and was thereupon sentenced to five years in the penitentiary.

The complaining witness, Burl Harman, by affidavit states that the defendant's father on whom the check was forged, made restitution, but that he made no agreement with the father or the son not to prosecute. That in fact he communicated with the county attorney's office and was told that restitution would not stop prosecution and he so advised defendant's father prior to restitution.

Justice of the peace Ralph N. Giles swears that the defendant at preliminary hearing was advised of his right to be represented by counsel, but he did not demand an attorney.

▮ O. E. Richeson, assistant county attorney, swears that no agreement was made with the petitioner that prosecution would be dropped if restitution made; that defendant had prior thereto been on September 19, 1946 sentenced on a conviction of forgery and on November 15, 1950 was sentenced for a like conviction. He could have been sentenced under the charge here to seven years, but was sentenced for a less number of years. The fact that petitioner's father made restitution has no bearing on the case presented here.

As we said in Ex parte Beard, 97 Okl. Cr. 391, 264 P.2d 368–369:

"The unverified petition for habeas corpus with no certified copy of information or judgment and sentence of lower court attached to petition was

insufficient to question validity of commitment by which petitioner was incarcerated in penitentiary.

"Every presumption favors regularity of proceedings being reviewed in habeas corpus proceedings.

"Petitioner has burden to sustain allegations of his petition for writ of habeas corpus.

"Petitioner found to have failed to establish that his constitutional or statutory rights were violated."

The petition for writ of habeas corpus is denied.

JONES, P. J., and BRETT, J., concur.