**Application of Eugene WHATLEY for Writ of Habeas Corpus.**

**H. C. McLeod, Warden, Oklahoma State Penitentiary, Respondent.**

**No. A–12430.**

Criminal Court of Appeals of Oklahoma.
March 13, 1957.

Eugene Whatley, McAlester, pro se.

Mac Q. Williamson, Atty. Gen., Sam H. Lattimore, Asst. Atty. Gen., for respondent.

POWELL, Judge.

Eugene Whatley has filed in this court a petition for a writ of habeas corpus. It is alleged that he is confined in the State Penitentiary at McAlester by virtue of a conviction in the district court of Oklahoma County, in case No. 23685, where the charge was robbery with a dangerous weapon, after former convictions of felonies. A copy of the information, judgment and sentence is not attached to the petition, and neither is the petition verified. At hearing on February 20, 1957 the Attorney General orally demurred to the petition, and there is ample authority for sustaining the same. Ex parte Beard, 97 Okl.Cr. 391, 264 P.2d 368.

■ However, this is a petition pro se, and we see fit to re-examine the circumstances of petitioner's imprisonment. We take judicial notice that prior hereto petitioner sought a record at the expense of the State for appeal to this court from the conviction complained of. See petition for writ of mandamus, by Eugene Whatley, Petitioner, No. A-12,369, Okl.Cr., 301 P.2d 373. The petition for a record at the expense of the State was denied by the lower court, and this court upheld the conclusions of that court, the same being amply supported by a transcript of the proceedings, together with evidence with reference thereto, as may be found in that case in the office of the clerk of this court.

■ It should be kept in mind that the guilt or innocence of a convicted person is not a matter that may be inquired into by habeas corpus. Ex parte Conway, 97 Okl.Cr. 1, 256 P.2d 189. The only issue a petition for a writ of habeas corpus presents is whether or not the petitioner is restrained of his liberty by due process of law; that is to say, whether the court in which the prisoner was convicted had jurisdiction of the person of the defendant and of the crime charged, and if the court had jurisdiction to render the particular judgment. In re Yoder, Okl.Cr., 298 P.2d

1083; Ex parte Davis, 68 Okl.Cr. 29, 95 P.2d 915; Ex parte Barnette, 29 Okl.Cr. 80, 232 P. 456.

In the petition presented, petitioner raises issues that could only be considered where a case would reach this court with petition in error and case made on appeal, and the issues are not entitled to treatment. In re Riddle, Okl.Cr., 292 P.2d 1043; Ex parte Keel, 62 Okl.Cr. 277, 71 P.2d 313; Ex parte Robnett, 69 Okl.Cr. 235, 101 P.2d 645.

To demonstrate that petitioner's constitutional rights were at all times protected, we have re-read the record in case No. A-12,369, 301 P.2d 373. It was in that case found that the trial court did not err in failing to order a record in case No. 23685, district court of Oklahoma County, at the expense of the county for the reasons therein set out.

■ But we have examined a copy of the petition, the verdict of the jury and judgment of the court, and find these instruments regular and in all respects sufficient. Further, it appears that when the information in case No. 23685 was filed in the district court of Oklahoma County on March 6, 1956, the court properly appointed the public defender to represent defendant, but on March 19, 1956 the defendant notified the public defender that he had employed private counsel and an order was entered releasing the public defender, and thereafter defendant was represented by Wayne E. Wheeling, Esq., a member of the Oklahoma Bar. Trial was had before a jury commencing on April 17, 1956 and ending on April 20, 1956. The jury returned a verdict of guilty, but being unable to agree upon the punishment, left that to the court. The county attorney recommended 30 to 35 years. The court fixed the punishment at 25 years imprisonment. He might have assessed the penalty at life imprisonment, or death. 21 O.S.1951 § 801. He could not have fixed the penalty at less than 10 years imprisonment. 21 O.S.1951 § 51, subd. (1).

The record shows that defendant's defense was an alibi, and that his counsel

subpoenaed the witnesses to support such defense, but was unable to show by a hotel register and the manager of the hotel that defendant was there present at the time of the robbery in question. Further, the defendant had made a full and voluntary confession to the police on a recording instrument, made at his own request while he held the microphone in his own hands. Later he signed a written confession.

At the time defendant was sentenced, defendant's counsel announced in open court that no motion for new trial would be filed, because no error in the record could be found. The court asked defendant if he had anything to say, and he replied that he did not. A second robbery case then pending against the defendant was subsequently dismissed by the county attorney.

We conclude that the defendant in case No. 23685 in the district court of Oklahoma County was represented by counsel of his own choosing, was accorded a speedy trial; that the court had jurisdiction of the person of the defendant and of the crime charged, and that no constitutional right was violated.

Writ denied.

BRETT, P. J., and NIX, J., concur.