Application of John Richard ANDERSON
for Writ of Habeas Corpus.

No. A–12796.

Court of Criminal Appeals of Oklahoma.

Sept. 30, 1959.

BRETT, Judge.

This is an original action in habeas corpus brought by John Richard Anderson against Robert R. Raines, Warden of the Oklahoma State Penitentiary. It appears in said petition that in two separate cases, petitioner was lawfully charged in the

District Court of McCurtain County, Oklahoma, with the crime of larceny of domestic animals. In the first case, on January 5, 1959, he entered a plea of guilty and was sentenced therein to serve a term of three years in the penitentiary. In the second case, on January 16, 1959, he entered a plea of guilty and was sentenced to serve a term of five years in the penitentiary, the sentences to run consecutively. We have permitted a consolidation of these two cases on habeas corpus since they involve the same facts. He alleges that custody of his person was obtained in Texarkana, Texas, and he was removed to Idabel, Oklahoma, without any extradition proceedings and without having waived the same. He asserts his convictions were obtained by threats, duress, and abuse by Texas officers. He makes no complaint as to the treatment of himself by the Oklahoma officers. He alleges he was denied legal counsel. All these proceedings, he alleges, were in violation of due process.

To this petition the Attorney General makes a general denial and attaches a photostatic copy of the judgment and sentence refuting petitioner's assertion he was denied aid of counsel. It affirmatively appears on the face of the judgment he was represented by counsel. The record discloses also that petitioner was of wide court room experience, being a fourth termer.

█ The other matters raised are all irregularities in procedure occurring prior to the petitioner's trials, pleas of guilty, etc. It has been repeatedly held:

"Where there is a valid conviction and the court has jurisdiction of the person, this court will not inquire by habeas corpus into the manner by which jurisdiction was obtained. Cook v. Hart, 146 U.S. 183, 13 S.Ct. 40, 36 L.Ed. 934; Roberts v. Reilly, 116 U.S. 80, 6 S.Ct. 291, 29 L.Ed. 544; In re Miles, 52 Vt. 609; Ex parte Brown (D. C.) 28 F. 653; In re Miller (C.C.) 23 F. 32; In re Newman (C.C.) 79 F. 622; In re Moyer, 35 Colo. 159, 85 P. 190, 12 L.R.A.,N.S., 979, 117 Am.St. Rep. 189."

Ex parte Youstler, 40 Okl.Cr. 273, 268 P. 323, 324. See also Traxler v. State, 96 Okl. Cr. 231, 251 P.2d 815; Mathews v. State, 19 Okl.Cr. 153, 198 P. 112.

█ This Court has also repeatedly held that on habeas corpus it will not look beyond the judgment and sentence of a court of competent jurisdiction as to mere irregularities of procedure, or errors of law over which the court had jurisdiction. While we frown upon the irregularities complained of by the petitioner, if true, they cannot be reached in habeas corpus where the trial court had jurisdiction of his person, of the subject matter, and authority under the law to pronounce the judgment and sentence imposed. Ex parte Pruitt, 95 Okl.Cr. 248, 244 P.2d 594. All these jurisdictional factors are present in both of the petitioner's cases, and his complaints are not subject to relief in such proceeding.

The petition for writ of habeas corpus is denied.

POWELL, P. J., and NIX, J., concur.