**Franklin D. RAY, Petitioner,**

v.

**Robert RAINES, Warden Oklahoma State Penitentiary, Respondent.**

**No. A–12795.**

Court of Criminal Appeals of Oklahoma.

Dec. 9, 1959.

Franklin D. Ray, pro se.

Mac Q. Williamson, Atty. Gen., Lewis A. Wallace, Asst. Atty., Gen., for respondent.

POWELL, Presiding Judge.

Petitioner, Franklin D. Ray, is presently confined in the State Penitentiary at Mc-Alester. He claims that his confinement is illegal and that he is entitled to be discharged.

The basis of the petition is bottomed on the following: Petitioner says that he was in custody of Kansas officers; that no extradition proceedings were undertaken, but that a Kansas officer at Baxter Springs and an Oklahoma officer took defendant to the Kansas-Oklahoma state line and the Kansas officer forced defendant to step across the state line into Ottawa County, Oklahoma, whereupon the Oklahoma officer arrested petitioner.

The Warden filed a response to the petition for writ of habeas corpus in the form of a general denial, and further set out that defendant was being held serving a five year sentence imposed by the district court of Ottawa County, Oklahoma, on August 15, 1958, in case No. 3190 where petitioner entered a plea of guilty to a charge of grand larceny. It is stated that the maximum time for discharge is August 15, 1963, and the minimum time is tentatively fixed as May 6, 1961.

The judgment and sentence in question, photostatic copy being attached to response, shows on its face to be regular in every respect, and that said sentence was to run concurrently with a second sentence imposed in a separate conviction in case No.

3189 in the district court of Ottawa County, Oklahoma.

 Petitioner had the burden of establishing the truth of the statements concerning the alleged acts of the Kansas and the Oklahoma officers, which, if true, this Court does not approve, the same being illegal, but at the same time such acts if true would not entitle petitioner to his discharge.

A fugitive can, of course, waive extradition, but if he fails to do so, then the demanding state should seek custody by means of extradition proceedings through the Governor.

The question raised has received consideration in every state of the Union, and in the Federal Courts, and it is overwhelmingly held that where a person accused of crime is found within the territorial jurisdiction wherein he is so charged, and is held under process legally issued from a court of that jurisdiction, neither the jurisdiction of the court nor the right to put him on trial for the offense charged is impaired by the manner in which he was brought from another jurisdiction. And the fact that a person received on extradition from another state had not been afforded a reasonable time in that state to apply for writ of habeas corpus cannot operate to deprive the court of jurisdiction to try criminal charge. See 165 A.L.R. at page 948.

In Traxler v. State, 96 Okl.Cr. 231, 251 P.2d 815, 821, citing Mathews v. State, 19 Okl.Cr. 153, 198 P. 112, this Court said:

"The basic principle supporting this general rule is that when a person accused of crime is held under valid process in the proper forum, such detention is not rendered invalid because of the illegality of the events which preceded, or which made the detention physically possible. His wrong against the state holding him is not to be condoned because of the illegality of the means employed in obtaining custody. The means used to bring him there will not be a subject of inquiry."

A use of the citator will disclose an array of cases from this and other courts throughout the land supporting the above principle.

Writ denied.

NIX and BRETT, JJ., concur.