Application of Darrell E. HALL, #60093 for Writ of Habeas Corpus.

No. A–12879.

Court of Criminal Appeals of Oklahoma.

Sept. 28, 1960.

Darrell E. Hall, petitioner, pro se.

Mac Q. Williamson, Atty. Gen., Lewis A. Wallace, Asst. Atty. Gen., for respondent.

POWELL, Presiding Judge.

Petitioner, Darrell E. Hall, #60093, seeks release from the State Penitentiary at McAlester, where he is imprisoned by reason of a judgment and sentence entered in the district court of Tulsa County on a charge of robbery with firearms, after former conviction of a felony. He was sentenced to thirty years imprisonment. Petitioner was received at the institution November 16, 1957. The maximum date of his discharge appears from the record to be November 15, 1987, and the minimum date for release to be tentatively fixed for November 20, 1971.

In support of his petition for release, petitioner states that he was arrested out of the State of Oklahoma and at Sacramento, California, and was subsequently transported against his will to Tulsa, Oklahoma by the sheriff's department of Tulsa County without benefit of extradition proceedings.

The question presented then, is, do such facts, if true, entitle defendant to release? The warden of the penitentiary, through the Attorney General, has filed a response in the nature of a demurrer denying that the matters alleged, if true, entitle defendant to release by writ of habeas corpus.

No claim is made that the sentencing court in Tulsa County did not have jurisdiction of the crime charged and jurisdiction to pronounce judgment.

The question raised has been treated by this Court many times. Two recent cases are re Application of Anderson, Okl.Cr., 344 P.2d 674, and Ray v. Raines, Warden, Okl. Cr., 347 P.2d 659, 660. In the syllabus by the Court in the latter case, it is said:

"Where a person accused of crime is held under valid process in proper form, such detention is not rendered invalid because of the illegality of the events which preceded it, or which made the detention physically possible. His wrong against the State is not to be condoned because of illegality of the means employed in obtaining custody. The means used to bring him into the State will not be a subject of inquiry."

The cases cited in the Ray case may be read for further reasoning supporting the rule. We may caution that we do not approve of officers transporting prisoners into the State of Oklahoma without giving them the opportunity of seeking release and the validity of an arrest by way of writ of habeas corpus. Extradition proceedings constitute the proper manner to obtain custody of a prisoner in a sister state, and to ignore this may violate the laws of a state.

We must and do deny the writ.

NIX and BRETT, JJ., concur.