Norwood E. MARSHALL, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant In Error.

No. A–13108.

Court of Criminal Appeals of Oklahoma.

Feb. 7, 1962.

S. S. Lawrence, Tulsa, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Sam H. Lattimore, Asst. Atty. Gen., for defendant in error.

BRETT, Judge.

This is an attempted appeal by Norwood Ervell Marshall from an order of the district court of Tulsa County, Oklahoma, made and entered May 25, 1961 by Hon. Raymond W. Graham, wherein he revoked a five-year suspended sentence made and entered in the district court of said county on a charge against this appellant of robbery by force and fear.

The plaintiff in error seeks to vacate and set aside said order by this appeal. The Attorney General has filed a motion to dismiss the attempted appeal. We are of the opinion that the motion is well taken and should be sustained, on the authority of Burgett v. State, Okl.Cr., 362 P.2d 975; and State v. Humphrey, 85 Okl.Cr. 153, 186 P.2d 664. In the former case it was held:

"Order of Court of Common Pleas revoking suspension of sentence was not appealable. 22 O.S.1951 § 992.

"Revocation of suspension of sentence is not a matter of right but is purely within trial court's discretion. 22 O.S.1951 § 992.

"Vesting of power in trial court to revoke suspension of sentence does not deprive defendant of any of his constitutional rights. 22 O.S.1951 § 992."

Considering this attempted appeal on the basis of an application for writ of habeas corpus, there is no valid basis upon which to grant relief in habeas corpus. The writ of habeas corpus can not be used to perform the office of a writ of error on appeal, but is limited to cases in which the judgment and sentence of the trial court is clearly void. In re Application of Davis, Okl.Cr., 348 P.2d 545; Ex parte Owens, Okl.Cr., 295 P.2d 827.

Moreover, where the court has jurisdiction of the person of the defendant, jurisdiction of the subject matter, and authority under the law to pronounce the judgment and sentence rendered, defendant is not entitled to release from the peni-

tentiary by habeas corpus, unless the trial court had lost jurisdiction by reason of depriving the accused of some substantial or fundamental right. In re Davis, supra; Roden v. Raines, Okl.Cr., 361 P.2d 1103.

■ We do not find in this record that any of the foregoing elements of jurisdiction were lacking, or that anything occurred to cause the court to lose jurisdiction. Ex parte Parrott, 97 Okl.Cr. 8, 256 P.2d 462.

■ Moreover, we have carefully read the record herein and the action of the trial court in sustaining the petition for revocation is amply supported by the evidence.

The motion of the Attorney General to dismiss the attempted appeal is sustained, the appeal is dismissed and writ of habeas corpus is denied.

NIX, P. J., and BUSSEY, J., concur.