**Fred A. NEWELL, Petitioner,**

**v.**

**Ray H. PAGE, Warden, Respondent.**

**No. 67–C–193.**

United States District Court
N. D. Oklahoma.

Jan. 30, 1968.

**204**

Fred A. Newell, pro se.

Charles L. Owens, Asst. Atty. Gen., Oklahoma City, Okl., for respondent.

## ORDER

DAUGHERTY, District Judge.

■ The Petitioner herein filed a Petition for Writ of Habeas Corpus which this Court dismissed for want of a federal Constitutional question being alleged. In effect, the Petitioner asked that he be allowed credit on the sentence he is presently serving for time spent in jail prior to imposition of the sentence. Whether or not such credit is to be allowed is a matter of state law. Johnson v. Beto, 383 F.2d 197 (Fifth Cir. 1967); Gureznski v. Yeager, 339 F.2d 884 (Third Cir. 1964); Burns v. Coonse, 339 F.2d 883 (Tenth Cir. 1964), cert. den. 380 U.S. 925, 85 S.Ct. 930, 13 L.Ed.2d 811. On this basis, the Petition was dismissed.

Petitioner subsequently filed a "Petition for Rehearing," on the basis that the Court failed to consider the ground of 57 O.S. § 138, which relates to credit for jail time, being applied retroactively to him and therefore ex post facto, which ground was set out in his original Petition for Writ of Habeas Corpus. Petitioner alleges that as the sentence which he is serving was imposed before enactment of the statute, denial of credit for jail time because of a prior escape while serving this sentence makes this statute ex post facto as to him in violation of the United States Constitution.

The Petition for Rehearing was filed on December 26, 1967. By letter dated December 27, 1967, the Petitioner withdrew this Petition, on the basis that he had been "informed that your court cannot accept a petition for rehearing of Habeas Corpus proceedings." On January 3, 1968, the Court allowed Petitioner to withdraw his Petition for Rehearing, noting that the case on which he relied for his ex post facto claim had been reversed. Thompson v. Graham, D.C., 147 F.Supp. 150 (Utah, 1956), reversed sub nom. Graham v. Thompson, 246 F.2d 805 (Tenth Cir. 1957). Petitioner by letter dated January 9, 1968, requested that his Petition for Rehearing be reinstated.

■ As to the theory that a Petition for Rehearing in a habeas corpus proceeding will not lie, the Court is aware of no authority for that proposition, especially in view of the fact that the principle of res judicata does not apply to habeas corpus proceedings. This would seem to be especially so where the Petitioner points to a ground alleged in his original Petition for Writ of Habeas Corpus which was not specifically dealt with by the Court. The requested reinstatement is therefore granted.

Petitioner bases his ex post facto claim on the ground that under 57 O.S. § 138, he may be deprived of credit given for jail time because of misconduct such as escape from the penitentiary. Were the Oklahoma courts empowered to grant credit for jail time prior to the enactment of this statute, Petitioner's claim would be meritorious.

The Oklahoma courts, in a long line of decisions, have held that it is not within the power of any court of that state to grant credit for time spent in jail prior to sentencing. Williams v. Page, 430 P.2d 345 (Okl.Cr.1967); Salisbury v. Raines, 365 P.2d 568 (Okl.Cr. 1961); Ex parte Ervin, 266 P.2d 984 (Okl.Cr.1954); Ex parte Ward, 257 P.2d 1099 (Okl.Cr.1953), cert. den. 346 U.S. 879, 74 S.Ct. 133, 98 L.Ed. 386; State ex rel. Waters v. Lackey, 97 Okl.Cr. 41, 257 P.2d 849 (Okl.Cr.1953); and Ex parte Colbert, 94 Okl.Cr. 300, 235 P.2d 541 (1951). Credit for jail time or words to that effect included in a sentence are to be regarded as mere surplusage and given no effect. Salisbury v. Raines, supra, Ex parte Ward, supra. The proper authority to consult in the granting of jail time credit is the Pardon and Parole Board of Oklahoma. Hurt v. State, 312 P.2d 169 (Okl.Cr.1957), cert. den. 355 U.S. 22, 78 S.Ct. 97, 2 L.Ed.2d 67, rehearing den. 355 U.S. 900, 78 S.Ct. 260, 2 L.Ed.2d 197, or the governor. In re Tidwell, 309 P.2d 302 (Okl.Cr. 1957); Ex parte Colbert, supra; Ex parte Pruitt, 95 Okl.Cr. 248, 244 P.2d 594 (Okl.Cr.1952). The reason it was not possible, prior to the enactment of 57 O.S. § 138, for a convict to receive credit for the time spent in jail prior to sentence is that punishment for the crime committed does not begin until after conviction. Salisbury v. Raines, supra; Waters v. Lackey, supra.

As the Petitioner never had any right to jail time, it follows that the alleged denial of credit for jail time pursuant to 57 O.S. § 138, if in fact made by an employee of the Oklahoma State Penitentiary at McAlester, is a nullity. One cannot be denied a right which he does not possess. Regardless of the statute, Petitioner was obliged to serve the full term of his sentence without regard to any time spent in jail prior thereto.

Accordingly, Petitioner's Petition for Writ of Habeas Corpus, readmitted on his Petition for Rehearing, is dismissed for want of jurisdiction to entertain same.